## Ex Parte Sam J. Turner.

No. 15149.   Delivered January 27, 1932.

The opinion states the case.

*Roy D. Jackson,* of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, Judge.—Appellant is under indictment in the district court of El Paso county charged with the theft of $4,500 in money. Upon the return of the indictment, the court fixed bail in the sum of $2,500, and thereafter upon application of appellant to reduce the amount of bail, the bail was reduced to $2,000. Later, the appellant filed his application for a writ of habeas corpus wherein it was alleged that the amount of bail was excessive and that he was unable to furnish bond in the sum of $2,000. The court upon hearing the application entered an order refusing to reduce the amount of the bail in this case below the sum of $2,000. From this order appellant has perfected his appeal.

It appears from the testimony that appellant was indicted for forging a draft in the sum of $5,000 and for passing this draft on a bank in El Paso. The evidence further shows that the bank received the draft for collection and after a Tyler bank had honored the draft, $4,500 of the amount paid thereon was withdrawn from the El Paso bank by some party whom the state charged in the indictment in this case was appellant.

Appellant is under indictment in two other cases, in one of which bail was fixed in the sum of $2,000, and in the other in the sum of $500. After the fixing of said bond, according to the testimony of a witness for appellant, he had undertaken to procure sureties for appellant but was unable to make the three bonds in the aggregate amount required by the court. It appears from the testimony of this witness that appellant

resided in another state and has no property in the state of Texas or elsewhere. It appears from said testimony that he has no relatives or friends in Texas. This witness testified that he might have been able to procure bond for appellant in the aggregate sum of $2,500 or $3,000. Appellant's position appears to be that he is entitled to have the bail reduced in this case and in each of the other cases to an amount not to exceed $3,000. The fact that the appellant is under two other indictments, we do not understand, should operate to his advantage when he sought a reduction of bail in the present case. Under the provisions of article 281, Code of Criminal Procedure, bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with. The nature of the offense and the circumstances under which the offense was committed are to be considered. Appellant's ability or lack thereof to make bond can not alone control but may be considered and proof heard thereon. Ex parte Jones, 107 Texas Crim. Rep., 438, 296 S. W., 886. There is no showing made that any of the cases against appellant have been continued by the state or that a speedy trial has been refused.

Under the circumstances, we believe that the bail fixed by the trial judge is not excessive.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.