## Ex Parte B. F. Thomas.

No. 17302. Delivered October 31, 1934.
Reported in 75 S. W. (2d) 681.

244

The opinion states the case.

*Arthur Stehling,* of Fredericksburg, *Roscoe Runge,* of Mason, and *Alfred Petsch,* of Fredericksburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Appellant appeals from an order of the district court of Gillespie County fixing his bail at $500.00. Appellant insists that the bail should be reduced to $1.00.

Appellant filed an application for writ of habeas corpus before the Honorable District Court of Gillespie County, the purpose of the hearing being to reduce the bail in this case from $3500.00 to an amount small enough for the appellant to make. If we understand appellant's contention, it is that at a former time he was put to trial for the offense of rape, that a jury was impaneled, a plea of not guilty entered, and testimony was heard, after which the jury retired to consider the case. It is claimed that thereafter and while appellant was in jail, said jury was brought before the court, and upon their announcement to the court that they could not agree, a mistrial was declared and the jury was discharged, and that when all this occurred appellant was in jail and not present. Upon such facts it would appear plain that if this case should again be called for trial, appellant could successfully interpose a plea of jeopardy.

He advances the proposition that these facts being made plain upon the hearing, the trial court should have granted him a nominal bond. It appears reasonable that if a sufficient showing had been made of inability to make what would ordinarily be a reasonable bond for an offense of this character, such bond should be fixed as the accused could give,—but we note from the record herein that upon this hearing the only showing of effort made by the accused to establish his inability

to make the bond fixed by the court, was his own expression of opinion, and this did not go to or relate to his ability or inability to make the $500.00 bond which the court finally set for him in this case.

In other words, at the time appellant filled his application for habeas corpus in the district court in this case, seeking reduction of bail, he was held under two bonds, each in the sum of $3500.00,—one in this case and one in another case in the district court of Kerr County. After establishing facts, which seem to unquestionably give appellant the right to file a plea of former jeopardy if this case should ever be called for trial in the district court,—appellant took the witness stand and testified that he had tried to make the two bonds of $3,-500.00 each and had been unable to do so. He expressed the belief that if the bond in this case should be reduced to a dollar, that he could then make bond in it and the case in Kerr County. After hearing this testimony the learned trial judge reduced the bail in the instant case from $3500.00 to $500.00. Appellant excepted and gave notice of appeal. There was not the slightest testimony showing any effort on the part of appellant to make the $500.00 bail required by the order of the court below. This court can not hold that appellant's testimony of inability to make two $3500.00 bonds, supported only by his expressed belief that he could make one bond for $3,-500.00, in the other case and one for $1.00 in this case,—is tantamount to proof that he has tried to make the $500.00 required by the court herein and has failed. This court seems to uniformly require proof, on the part of one whose bond has been fixed by a judgment of the court below, of the fact that he has tried to meet the requirements of the court and to make the bond fixed, before this court will grant relief by directing further reduction of the bail. Mere negative proof of opinion by one who has not tried to make the bail demanded by the court's order, would not suffice, nor rise to the dignity of proof of such inability.

It occurs to us likely that on the showing as to jeopardy, if the trial court be convinced that an honest effort has been made to make bail in the sum fixed, to-wit: $500.00, that further reduction in the amount of bail would be proper.

As supporting our proposition that this court has always held it necessary for the accused to show that he has tried to make the bail fixed, before seeking further reduction, see Ex parte Garland, 113 Texas Crim. Rep., 565, and cases cited; Ex parte Edmondson, 107 Texas Crim. Rep., 1; Ex parte Bailey,

106 Texas Crim. Rep., 649.

Being impressed with the fact that appellant has not shown himself entitled to an order from this court further reducing bail, the relief sought upon this appeal will be denied.

*Order affirmed.*