# OCTOBER 13, 1937

## EX PARTE JIM BURLESON.

No. 19301.   Delivered October 13, 1937.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant appeals from an order of the District Court of San Augustine County, fixing his bail in each of four cases pending against him in said court.

It appears from the record that at the July Term, A. D. 1934, appellant was indicted by the Grand Jury of San Augustine County for the offense of robbery by the use of firearms, and also for the offense of an assault with intent to murder. Thereafter, at the January Term, 1936, of said court, he was

indicted for the offense of theft of one head of cattle, and also for the theft of $86 from the person of Ivey McClelland. The court at that time fixed appellant's bail at $7,500 in the case in which he was charged with robbery, at $1,500 in the assault to murder charge, and at the same amount in the charge of theft of cattle, and at $1,000 on the charge of theft from the person. After he had made an effort to make bond in said amounts but had failed, he applied to the judge of said court for a writ of habeas corpus, by which he sought a reduction of the amount of the bonds. Upon a hearing thereof, the court reduced the amount of bail in the case wherein he was charged with robbery by the use of firearms, to the sum of $5,000, and each of the other cases to the sums of $1,000, making a total reduction of $3,500 in the amount of said bonds, and remanded appellant to the custody of the sheriff until such time as he made good and sufficient bonds in said amounts. From this judgment he appealed to this court, seeking a further reduction of the amount of his bail, without any showing whatever that he made any effort to comply with the order of the court fixing the amount of his bail on the hearing of the writ of habeas corpus.

Before appellant would be entitled to ask any further reduction in the amount of bail as fixed by the court, it devolved upon him to show his inability to give bail in said amounts. So far as this record shows, he made no effort to comply with the order of the court. It has always been held that it was necessary for the accused to show that he tried to make bail as fixed by the court, before seeking further reduction. See Ex parte Thomas, 75 S. W. (2d) 681; Ex parte Garland, 113 Texas Crim. Rep., 565.

Appellant now takes the position that he should be discharged from custody because of insufficient evidence to show his probable guilt of the offenses with which he stands charged by indictments. We do not agree with him. Article 156, C. C. P., reads as follows:

"The judge or court, after having examined the return and all documents attached, and heard the testimony offered on both sides, shall, according to the facts and circumstances of the case, proceed either to remand the party into custody, admit him to bail, or discharge him; provided, that no defendant shall be discharged after indictment without bail." See Ex parte Bishop, 61 S. W., 308.

In all cases involving the question of bail, the court may take into consideration the nature of the charge pending against the accused, as well as his ability to give bail in a certain sum.

From the record before us, we are not prepared to say that the amount of bail fixed by the court below is excessive. The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.