# NOVEMBER 20, 1940

### EX PARTE NICK CASCIO.

No. 21875. Delivered November 20, 1940.

The opinion states the case.

*Shead & Smith,* of Longview, and *H. R. Bishop,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Relator was charged by indictment with burglary and being an habitual criminal. His bond was set at $20,000.00. In this habeas corpus proceeding he sought to have the amount of bail reduced, and it was by order of the trial court reduced to

$10,000.00. Relator appealed, taking the position here that the amount of bail last mentioned is unreasonable.

All this court knows about the charge against relator is that it was agreed that relator had been indicted for burglary and as being an habitual criminal. The indictment is not before us.

Before the indictment was returned relator made a bond in the sum of $2,500.00 which was not approved because of defect in form. The sureties seemed to be satisfactory. After the indictment was returned alleging that relator was an habitual criminal his bond was fixed at $20,000.00. All the evidence we have in regard to bail is that his attorney made an effort to secure bail in the sum mentioned and failed, and that if bail was reduced to $2,500.00 relator could make it. No effort was made to furnish bail in the sum of $10,000.00, as finally fixed by the trial court. We find no evidence as to relator's financial status or worth, or that of any of his sureties or friends who might sign his bond.

Where bail is reduced upon habeas corpus hearing it is now well established that before complaint can be urged at the amount so fixed accused must make an effort to furnish bail in said amount, and if unsuccessful the proper procedure would be to file a motion before the court showing his efforts to make the bond and his failure to do so, and asking for a further reduction. See Ex parte Thomas, 127 Tex. Cr. R. 243, 75 S. W. (2d) 681; Ex parte Brooks, 127 Texas Crim. Rep. 535, 78 S. W. (2d) 183; Ex parte McDaniel, 96 Tex. Cr. R. 539, 258 S. W. 1057, Ex parte Burleson, 133 Texas Cr. R. 75. 109 S. W. (2d) 200. The evidence before us shows only that relator could not make a $20,000.00 bond, but could make a $2,500.00 bond. It is not even shown that the same sureties who signed the bond for the latter amount *would not* sign the $10,000.00 bond; as far as the evidence goes it is to show that they *would* make a $2,500.00 bond.

When reduced to its last analysis the proposition here urged is that we should hold as a matter of law that to require bail in the sum of $10,000.00 is unreasonable. On the meager showing in the present record we think it is asking this court to go too far. The ability of accused to make bond is not alone controlling, if so, many unfortunate and friendless defendants would have to be released on nominal bonds although charged with the most serious offenses. The rules to be observed in fixing the amount of bail are stated in Art. 281 C. C. P. as follows: "* * * The amount of bail to be required in any case is to be

regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point."

The principles thus stated have been given frequent application. See Ex parte Turner, 119 Tex. Cr. R. 151, 45 S. W. (2d) 1017; Ex parte Nelson, 125 Tex. Cr. R. 439, 69 S. W. (2d) 126; Ex parte Jones, 107 Tex. Cr. R. 438, 296 S. W. 886; Ex parte Burleson, 133 Tex. Cr. R. 75, 109 S. W. (2d) 200. Taking into consideration the "nature of the offense" necessarily involves the punishment permitted under the law. In the present case the agreement upon the habeas corpus hearing shows that in addition to charging relator with burglary it was also charged that he was an habitual criminal. If the charges thus made were supported by proof the jury had no option in regard to the punishment to be assessed. The statute (Art. 63 P. C.) fixes it absolutely at imprisonment in the penitentiary for life. The trial court could properly take that into consideration in fixing bail at an amount sufficiently high to give "reasonable assurance" that relator would be present in court to answer the charge in the indictment.

Under the showing in the present record we feel unauthorized to disturb the judgment of the trial court, and same is affirmed.