### EX PARTE RAY DAVIS.

Nos. 26,628 and 26,629. October 14, 1953.

*Thomas, Thomas & Jones,* Big Spring, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Relator in the court below, appellant here, is under separate indictments for murder and assault with intent to murder.

Upon application, bail was fixed in the sum of $15,000 in the murder case and $5,000 in the assault-with-intent-to-murder case, the total amount of bail required being $20,000.

This is an appeal from the order of the trial court refusing to reduce the amount of bail in the murder case.

There is testimony showing that the relator can make a bond or bonds in the two cases not exceeding the total amount of $10,000, and that he cannot make the amount of bail required.

No facts accompany the record showing or suggesting the extent, manner, or circumstances under which the crimes charged were committed. The order granting and fixing bail was based upon the fact of indictment, alone.

Ability or inability of the accused to make bond does not, alone, control in fixing bail. The circumstances of the alleged crime and punishment permitted are to be looked to. Art. 281, C. C. P.; Ex parte Brooks, 127 Tex. Cr. R. 535, 78 S. W. 2d 183; Ex parte Burleson, 133 Tex. Cr. R. 75, 109 S. W. 2d 200.

To hold, under this record, that the bail fixed by the trial judge should be reduced would be tantamount to holding that, as a matter of law, a $15,000 bail in a murder case is unreasonable and excessive. This we are not authorized to do. Ex parte Cascio, 140 Tex. Cr. R. 288, 144 S. W. 2d 886, appears to be directly in point and here controlling.

The judgment in refusing reduction of bail is affirmed.

Opinion approved by the court.

DAVIDSON, Judge.

This case is, in all legal aspects, similar to and is controlled by the disposition made of the companion case against relator, No. 26,628, this day decided.

For the reasons there stated, the judgment is affirmed.

Opinion approved by the court.