EX PARTE LIEBERT EVERETT SWAIM.

No. 31,199. October 21, 1959.

*Doss Hardin,* Fort Worth, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was separately charged by indictment with two felony offenses under the Uniform Narcotics Drug Act, Art. 725b. V.A.P.C. Bond in each case was fixed in the sum of $10,000.

By application for writ of habeas corpus, applicant sought a reduction in the amount of bail in the two cases alleging that he was unable to make bond in the amount fixed by the court and that such amount was excessive. Appellant further alleged that he could make bonds in the amount of $2,000 and prayed that the court reduce the bond in each case to such amount.

Upon a hearing of appellant's application, the court reduced the amount of bail in each case to $7,500. From such order appellant has appealed to this court contending that the amount fixed by the court is excessive and praying for further reduction of bail.

There is nothing in the record to show that appellant has made any effort to furnish bail in the amount fixed by the court. While appellant's counsel did testify at the hearing, prior to the court's action, in reducing the amount of bail in each case to $7,500 that the appellant was in no position to make bonds in such amount, there is no showing that appellant has made an effort to make bail in the two cases in the amount so fixed by the court.

It is a well settled rule in this state that where bail is reduced upon a habeas corpus hearing, before complaint can be urged on appeal as to the amount fixed, the accused must show that he has made an effort to furnish bail in that amount. Ex Parte Burleson, 133 Texas Cr. Rep. 75, 109 S.W. 2d 200; Ex Parte Cascio, 140 Texas Cr. Rep. 288, 144 S.W. 2d 886 and Ex Parte Dunlap, 166 Texas Cr. Rep. 55, 311 S.W. 2d 413.

From the record before us we are not prepared to say that the amount of bail fixed by the trial court is excessive.

Opinion approved by the Court.