Kevin Kennard MORRIS, an Infant, by Ira Lee Morris, His Next Friend, Plaintiff-Respondent,

v.

Roy T. KLEIN, Defendant-Appellant.

No. 32231.

St. Louis Court of Appeals.

Missouri.

Feb. 15, 1966.

462

F. Douglas O'Leary and Morris E. Stokes, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for appellant.

Leo M. Newman, Goldenhersh, Gallagher, Fredericks & Newman, St. Louis, for respondent.

CLEMENS, Commissioner.

The issue here is the propriety of having given defendant's modified MAI converse instruction. The jury found for the defendant, but the trial court granted the plaintiff a new trial on the ground that it had erred in giving the defendant's converse instruction. Now, the defendant has appealed, contending that his converse instruction was properly given. Our decision depends on the answers to two questions. First, was it error for the defendant *to modify* an MAI converse instruction in order to conform to the plaintiff's modified MAI verdict-directing instruction? Secondly, did the burden of proof shift to the defendant because his converse instruction contained the improper affirmative phrase "if you believe" instead of the proper negative phrase "if you do not believe"?

The plaintiff was a three-year-old boy who ran from between parked cars into a narrow street and collided with the defendant's automobile. Plaintiff pleaded and submitted his case on the ground that the defendant had violated a St. Louis ordinance requiring that automobiles be driven on the right half of the street, and was thereby negligent per se.

Plaintiff's evidence came from two sources. He introduced portions of the defendant's deposition and the testimony of the investigating police officer. These facts were shown: At the place in question, Sarah Street runs north and south and cars were parked "bumper-to-bumper" along both sides. At noon on a bright day the defendant was going south at 20 to 25 miles an hour, driving "approximately in the center of the street." He estimated that the open space between his car and the lines of parked cars was three feet on each side. The police officer, however, testified that Sarah Street was 31 feet wide, which would have given defendant enough room to drive entirely on the right half of the street. When the defendant was near the middle of the block, he saw plaintiff dart out from between two cars parked on the east side of the street, on defendant's left-hand side. The plaintiff was then about a car length ahead of the defendant's car and was "running as hard as he could." The defendant jammed on his brakes and swerved to the right. The plaintiff changed neither speed nor direction and ran into the left-front, wrap-around bumper of defendant's car. The car laid down 23 feet of skid marks and swerved one foot to the right before coming to a stop about ten feet beyond the point of impact. When stopped, the right side of defendant's car was within two feet of the line of cars parked along his right-hand side; and the plaintiff was then sitting in the street near the defendant's left-front door.

As said, the jury brought in a verdict for defendant. Judgment, order granting new trial, and appeal followed apace; and now the propriety of giving defendant's converse instruction is the only issue before us. The transcript shows two given instructions, one for plaintiff and one for defendant; but contrary to V.A.M.R. Civil Rule 70.01(d), MAI, neither instruction bears a mark as to its MAI number nor shows whether it is a modified MAI or was "not in MAI." If the copies were so marked at the trial, as required, the transcript should have shown the marks. Instruction No. 1 is plaintiff's verdict-directing instruction; Instruction No. 2 is defendant's converse instruction. Neither precisely follows a Missouri Approved Instruction, and we are forced to ·speculate as to which MAIs the parties were trying to modify.

We look first at the plaintiff's verdict-directing instruction:

"Your verdict must be for the plaintiff if you believe:

First, defendant failed to drive his automobile in the right half of the roadway, and

Second, as a direct result of such conduct, plaintiff sustained damage."

This looks like a combination of MAI 17.01 and MAI 17.13 except as to driving "on the wrong side of the road," which has been modified by substituting the words "failed to drive on the right half of the roadway." It thereby conformed to the ordinance on which plaintiff relied. It was further modified by omitting a finding of negligence. This omission is approved by note 2 of the Committee's Comment to MAI 17.01 in cases where a plaintiff is entitled to recover for a wrongful act which is negligent per se. We will now examine defendant's given converse instruction.

■ As he explains in his brief here, the defendant intended to converse only one element of plaintiff's verdict-directing instruction. He did not want to converse either the admitted fact that he was not driving on the right half of the roadway, or the admitted fact that plaintiff had been injured; but he did want to converse the denied fact that his wrongful driving was the proximate cause of plaintiff's injuries. This element of proximate cause was an essential element of plaintiff's case, and plaintiff had properly assumed that burden by his Instruction No. 1. The defendant was entitled to converse that single factual element of causation. Chance v. Atchison, Topeka & Santa Fe Railway Co., Mo., 389 S.W.2d 774 [4]; Civil Rule 70.01(f), MAI; and MAI 29.01, p. 245. He did this by Instruction No. 2:

"Your verdict must be for defendant if you believe that plaintiff's injuries were not directly caused by defendant's failure to operate his automobile on the right half of the roadway."

■ In his motion for a new trial, the plaintiff leveled a three-pronged attack at this converse instruction. First, he says that the instruction is "argumentative and a comment on the evidence." This ab-stract point is not briefed here and we find no merit in it.

■ Next, plaintiff says the converse instruction was erroneous because it was not selected from MAI and, therefore, violated subsections (b) and (c) of Civil Rule 70.01, MAI. Subsection (b) says:

"Whenever Missouri Approved Instructions contains an instruction applicable in a particular case which the appropriate party requests or the court decides to submit, such instruction shall be given to the exclusion of any other on the same subject."

Plaintiff does not point to the MAI which he thinks defendant should have used, but says only that MAI 29.02 through 29.04 and the subsections thereof contained an applicable converse instruction. Those sections contain fifteen converse instructions, and three of them—MAI 29.02(4), MAI 29.03(4) and MAI 29.04(3)—are designed to converse the single element of causation. But not one of them was applicable to this particular case. This, because each uses the words "as a direct result of defendant's negligence." As shown above, the plaintiff's verdict-directing instruction hypothesized only the fact of defendant's wrongful driving, not the negligence in doing so. Thus, there was no *applicable* converse instruction in MAI; and the defendant was forced into the permissible alternative of modification prescribed by Civil Rule 70.01(e), MAI, which says:

"GUIDE FOR THE FORM OF INSTRUCTIONS WHERE MAI NOT USED. Where an MAI must be modified to fairly submit the issues in a particular case, or where there is no applicable MAI so that an instruction not in MAI must be given, then such modifications or such instructions shall be simple, brief, impartial, free from argument, and shall not sub-

mit to the jury or require findings of detailed evidentiary facts."

The defendant was entitled to modify a converse MAI, and he did so in accordance with this rule.

■ Furthermore, because the defendant's converse instruction conformed to the unique submission plaintiff had chosen, even if defendant had erred, the plaintiff may not complain. This, because a party may not predicate error on a theory of law he himself has adopted. Millhouser v. Kansas City Public Service Co., 331 Mo. 933, 55 S.W.2d 673 [9]; Anderson v. Woodward Implement Co., Mo., 256 S.W.2d 819 [8].

■ Summarized, our ruling on this point is that when a verdict-directing instruction is so worded that it cannot be precisely conversed by one of the MAI converse instructions, it is not error to modify one of those converse instructions so that it does precisely converse the verdict-directing instruction. Hence, defendant's converse instruction is invulnerable to the attack of not following MAI.

Plaintiff's final attack on the converse instruction is on the ground that it "was not supported by independent evidence and proof as required by said instruction." This conclusion by plaintiff stems from the fact that the converse instruction was not prefaced by the negative phrase "if you do not believe," but instead was prefaced by the affirmative phrase "if you believe." Plaintiff now argues that by using the words "if you believe," defendant thereby assumed the burden of showing by independent evidence that plaintiff's injuries were *not* caused by defendant's wrongful driving. Plaintiff's reasoning runs like this: When a defendant does have the burden of proving a submitted fact, his instruction must be prefaced by the words "if you believe"; therefore, if a defendant does use those words in an instruction, he thereby becomes charged with the burden of proving those facts. Plaintiff's reasoning is unsound; his premise is correct but his conclusion does not logically follow that premise. By this kind of reasoning, one could argue: If a man practices law, he must pay his bar dues; therefore, if he does pay his bar dues, he must practice law. This is fallacious but we will give plaintiff's contention deeper analysis.

■ In support of his theory, plaintiff relies on the "Notes on Use" following MAI 29.05, which MAI does use the affirmative phrase "if you so find." The notes say:

"Use of this form carries with it the risk of nonpersuasion as the jurors are told [elsewhere] that when they are unable to form a belief on a proposition, that proposition fails. The proposition submitted must be supported by *independent evidence*. For this reason an instruction such as Converse 29.05 above would be rare since defendant could use Converse Instruction 29.02(4) or 29.03(4) without independent proof and without assuming the risk of nonpersuasion."

This note and the preceding textual statement listed as "Third Method," at page 246 of MAI 29.01, direct the use of the affirmative phrase "if you believe" for a reason inapplicable here. Those directions are based on the fact that there are two types of converse instructions. One is the so-called "true converse" instruction, which merely negates one or more necessary elements of the plaintiff's case. The other type may be called an "affirmative converse" instruction. By this, the defendant may submit *facts* which would *disprove* one or more of the essential elements of plaintiff's case; and this kind of instruction must have evidentiary support. See Liebow v. Jones Store Co., Mo., 303 S.W.2d 660 [4–7]; and Dell'Aria v. Bonfa, Mo., 307 S.W.2d 479 [2]. It follows that if a defendant does give an affirma-

tive converse instruction, he assumes the burden of persuasion as to the exculpatory facts therein hypothesized, and there must be evidence of those facts. It is for this reason that an affirmative converse instruction should be prefaced by the affirmative phrase "if you believe."

■ So, it is not correct, as plaintiff contends, that defendant's mere use of the affirmative words "if you believe" shifted the burden of proving causation away from the plaintiff and cast upon defendant the burden of proving the absence of causation. The defendant's converse instruction squarely negated the plaintiff's essential element of causation. It was therefore a true converse instruction and needed no factual support because the burden of proving causation remained with the plaintiff. Edwards v. St. Louis Public Service Co., Mo., 365 S.W.2d 483 [7].

■ Reading the challenged instruction again, we see that it did nothing more than negate plaintiff's essential element of causation. By plaintiff's verdict-directing instruction, the jury was required to form a belief that the defendant's conduct *did cause* plaintiff's injury. The defendant was therefore entitled to a verdict if the jury *failed to form such a belief* as to causation. A proper "if you do *not* believe" converse instruction would have so directed the jury, but the defendant went further than that. His converse instruction required the jury to form a belief that the defendant's conduct *did not cause* plaintiff's injuries. This was not an incorrect statement of law, and it was harmless to the plaintiff because it merely placed a greater burden on the defendant than he needed to have assumed.

Our reasoning for so holding that there was no prejudicial error in giving defend-

ant's converse instruction follows that in McCarty v. Milgram Food Stores, Inc., Mo., 252 S.W.2d 343 [2]: By his verdict-directing instruction, the plaintiff required a finding of the necessary element of causation. Thus, the jury could not find for the plaintiff unless it found that the defendant's wrongful driving was the cause of plaintiff's injuries. This was true irrespective of defendant's Instruction No. 2; this was true even though the defendant had offered no instruction. It must follow that Instruction No. 2 added nothing to the burden already assumed by plaintiff in his Instruction No. 1. And it also must follow that no demonstrable prejudice could result from the giving of Instruction No. 2.

Summarized, our ruling on this point is that a true converse instruction—one which merely negates one or more of the essential elements of plaintiff's case—does not require evidence to support it; and this is true even though it is ineptly prefaced by the affirmative phrase "if you believe" instead of the proper negative phrase "if you do not believe."

Finding no prejudicial error in defendant's Instruction No. 2, the order granting plaintiff a new trial should be reversed, and the cause remanded with instructions to enter judgment for defendant.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the order granting plaintiff a new trial is reversed and the cause is remanded with instructions to enter judgment for the defendant.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.