**Ex parte George NECTOUX, Jr.**

**No. 43124.**

Court of Criminal Appeals of Texas.

May 27, 1970.

Jones, Blakeslee, Minton, Burton & Fitzgerald, by Roy Q. Minton, Austin, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Appellant is in custody of the Sheriff of Travis County to answer the indictment in Cause No. 40,834 charging him with "unlawful possession of bomb," and to answer the indictment in Cause No. 40,835 charging him with unlawful possession of marihuana.

The indictments are pending in the 147th District Court and the capias in each case reflects that bond was set at $25,000.

This is an appeal from an order denying relief in a habeas corpus proceeding seeking reduction of said bail.

Evidence offered by appellant and in his behalf was to the effect that he is unable to make bond in excess of $5,000 in each case.

Evidence offered by the state relates to the offenses charged and reflects that in a search of the apartment rented to and occupied by appellant, under authority of a warrant to search for marihuana issued April 28, 1970, officers seized:

"1. One brown paper sack containing 20 baggies of Marihuana

2. Tin foil fused as homemade pipe

3. One 6¾" x 8½" plastic bags (baggies)

4. Seven Blasting Caps

5. One Wooden pipe with engraved head

6. One Pipe with fold-up stem

7. One plastic bag containing 11 cubes of Hashish

8. One baggie containing approximately 3 ounces of refined Marihuana

9. One baggie containing a large quanity of Marihuana seeds.

10. Ten plastic bags containing 875 green LSD tablets.

11. Five #26G½ plastipak Syringes, one used.

12. Two packets of Top brand cigarette papers. One containing one #5 gelatin cap. One containing a white powder.

13. Two empty packets zig zag cigarette papers.

14. One roll of dynamite fuse cord, 29 feet long.

15. One plastic bag containing refined Marihuana, which was removed from top of counter.

16. 100 No. 5 Lilly brand gelatin capsules, 100 count, containing 12 empty caps in box.

17. One tin foil containing brown substance.

18. Improvised Munitions Handbook

19. Variety of papers indicating residence of address

20. Seven Hundred Eighty Dollars Cash."

The state's evidence further reflects that after having read the "Improvised Munitions Handbook" (Item 18) and found that potassium chlorate and petroleum jelly are used to make a plastic explosive filler which can be detonated with a blasting cap, and during the search, having observed potassium chlorate and petroleum jelly, as well as 7 blasting caps (4), an Improvised Munitions Handbook (18), and a roll of dynamite fuse cord (14), a second search warrant was obtained and executed the following day and the following property was seized:

"1. Two jars of Petroleum Jelly

2. Two jars of Potassium Chlorate Merck

3. One ball of string." [1]

The record reflects that appellant came to Austin on March 30, 1970, by bus, prior to which time he had an apartment in Beaumont. Prior to going to Beaumont in November 1969 he lived with his parents in Port Arthur. He had no job from the time he arrived in Austin until his arrest, on April 28, 1970. He testified that if he was able to make bond it was his plan to go to Port Arthur and live with his father at his home there.

Art. 17.15 V.A.C.C.P. (formerly Art. 281 C.C.P.) reads:

"Rules for fixing amount of bail

"The amount of bail to be required in any case is to be regulated by the court,

judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point."

Ex parte Davis, 159 Tex.Cr.R. 49, 261 S.W.2d 322, was an appeal from an order refusing to reduce bail fixed at $15,000 in a murder case and $5,000 in an assault with intent to murder case.

There was testimony showing that Davis could make a bond or bonds in the two cases not exceeding $10,000 and that he could not make the amount of bail required.

Unlike the case before us, no facts showing or suggesting the extent, manner or circumstances under which the crimes charged were committed were introduced.

The judgment refusing reduction of bail was affirmed, this court holding:

"Ability or inability of the accused to make bond does not, alone, control in fixing bail. The circumstances of the alleged crime and punishment permitted are to be looked to. Art. 281, C.C.P.; Ex parte Brooks, 127 Tex.Cr.R. 535, 78 S.W.2d 183; Ex parte Burleson, 133 Tex.Cr.R. 75, 109 S.W.2d 200.

"To hold, under this record, that the bail fixed by the trial judge should be re-

1. Art. 1723, Sec. 1(c) V.A.P.C., defines "bomb" as used in said act as:
"Any collection of nitroglycerine, dynamite, gunpowder, gun-cotton or other form of explosive matter including caps, fuses or fuse-heads capable by their ignition or explosion of causing damage to persons or property."

duced would be tantamount to holding that, as a matter of law, a $15,000 bail in a murder case is unreasonable and excessive. This we are not authorized to do. Ex parte Cascio, 140 Tex.Cr.R. 288, 144 S.W.2d 886, appears to be directly in point and here controlling."

In Ex parte Cascio, 140 Tex.Cr.R. 288, 144 S.W.2d 886 (1940), bond was set at $20,000 in a burglary case where two prior felony convictions less than capital were alleged for enhancement. At the habeas corpus hearing seeking reduction of bail it was shown that Cascio could not make a $20,000 bond but could make a $2,500 bond.

The trial judge reduced the amount of bail to $10,000. Cascio appealed, urging in this court that to require bail in the sum of $10,000 was unreasonable. In Cascio, supra, citing and quoting the statute, now Art. 17.15, supra, Presiding Judge Hawkins wrote for this court:

"The ability of accused to make bond is not alone controlling, if so, many unfortunate and friendless defendants would have to be released on nominal bonds although charged with the most serious offenses. * * * Taking into consideration the 'nature of the offense' necessarily involves the punishment permitted under the law. * * * The statute, Art. 63 P.C., fixes it absolutely (the punishment) at imprisonment in the penitentia-

ry for life. The trial court could properly take that into consideration in fixing bail at an amount sufficiently high to give 'reasonable assurance' that relator (Cascio) would be present in court to answer the charge in the indictment."

Ex parte Cascio, supra, was quoted with approval in Merwin v. State, 347 S.W.2d 722.

In the case at bar, there is evidence as to the circumstances under which the offenses were committed as well as the nature of the offenses.

The trial court did not err in refusing to reduce the amount of bail in the two cases to the maximum amount of bail appellant's proof showed he could make.

The judgment is affirmed.

MORRISON, Judge (concurring in part and dissenting in part).

As to the bomb, I would affirm. As to the possession of marihuana, I would reduce the bond to $5,000.00. Recent trends in the national congress and in the public thinking[1] would denounce as unreasonable a prohibitive bond for possession of marihuana. This court and all courts should keep abreast with the times. I respectfully dissent to the affirmance of the order as to the possession of marihuana.

1. Cal. Health and Safety Code, Sec. 11530 (1964), as amended, (1968); Alas.Stat., Sec. 17.12.110(a) (Supp.1969); Dominion of Canada, 17 and 18 Eliz. 2, c. 41, Sec. 12 (1969), amending 9 and 10 Eliz. 2, c. 35, Sec. 3(2) (1961); Conn.Pub.Act, No. 753, Secs. 1 and 19 (1969); Ill.Pub.Act 76–464, Sec. 38(5); Iowa Laws 1969, House File 516; Mont.Rev.Codes Ann., Sec. 54–133 (Supp.1969); N.D.Cent.Code 19–03–28.1 (Supp.1969), Utah Laws 1969, Ch. 170, at p. 671; Wash.Laws 1969, Ch. 256; Wyo.Stat.Ann., Sec. 35–369 (Supp.1969); S. 2657, 91st Cong., 1st Sess., Sec. 8 (1969); S. 2637, 91st Cong., 1st Sess. (1969); S. 2608, 91st Cong., 1st Sess. (1969); A.L.I. Model Penal Code, Sec. 1.04(5) (Proposed Official Draft, 1962); Rosenthal, A Plea for Amelioration of the Marihuana Laws, 47 Texas L.Rev. 1359 (1969).