Ex parte Noe DE LEON.

No. 43135.

Court of Criminal Appeals of Texas.

May 27, 1970.

Canales & Garza, Corpus Christi, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order declining to reduce bail after indictment. Appellant is laboring under the impression that his financial ability to make bail is the sole test. In this, he is in error. In Ex parte Cascio, 140 Tex.Cr.R. 288, 144 S.W.2d 886, as in the case at bar, petitioner had asked the court to hold that the bond set by the trial court be declared unreasonable. This Court held that this was asking the court to go too far; the ability of the accused to make bond was not alone controlling.[1] Also, we held that the trial court could set bond in "an amount sufficiently high to give reasonable assurance that relator would be present in court to answer the charge in the indictment." This Court has consistently held that the setting of bond is largely within the discretion of the trial court. Ex parte Oliver, Tex.Cr.App., 374 S.W.2d 894. In the cause before us, petitioner did not show what bond he could have made; he only alleged that the bond set by the trial court was unreasonable, as was contended in Ex parte Cascio, supra. Again, we decline to hold that this bond, on its face, was unreasonable.

Further, this case is similar to Merwin v. State, 171 Tex.Cr.R. 279, 347 S.W.2d 722, where this Court refused to reduce bail when the facts accompanying the record did not sufficiently show the manner and circumstances under which the offenses were committed, especially when it was shown that two of the appellants were ex-convicts, and all three were wanted by Oklahoma authorities. Here, the record reflects that petitioner had been in the penitentiary in 1959, and had been on probation since 1967 for the sale of marihuana.

We also feel this case comes under the requirements discussed in Ex parte Davis, 159 Tex.Cr.R. 49, 261 S.W.2d 322, 323. In Davis, supra, this Court said, in refusing to reduce a $15,000.00 bond in a murder case, where there were no facts accompanying the record suggesting the extent, manner, or circumstances under which the crimes charged were committed, that "to hold, under this record, that the bail fixed by the trial judge should be reduced would be tantamount to holding that as a matter of law a [$15,000.00] bail in a [murder] case is unreasonable and excessive." This we are not authorized to do. Merwin v. State, supra.

Here, we cannot say under the meager facts before us that as a matter of law this bond as set is an unreasonable one for the possession of heroin.

The judgment of the court declining to reduce bail is affirmed.

---

1. See Ex parte Jester, Tex.Cr.App., 403 S.W.2d 133.