**Ex parte Hardy Gale MORGAN.**

**No. 43780.**

Court of Criminal Appeals of Texas.

Dec. 31, 1970.

Lowell Clayton, Richard Yahr, Austin, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from an order entered in a habeas corpus proceeding seeking reduction of bail.

The appellant stands charged by separate indictments with the offenses of sale of marihuana and delivery of a dangerous drug (LSD). Bail set for these offenses was $25,000 and $50,000, respectively.

After evidence was offered at the habeas corpus proceedings the court reduced the bail required in each case to $15,000. From such order appellant has immediately appealed to this court contending the amounts fixed by the court after the hearing were "unreasonably high" and "oppressive" and praying for further reduction of bail.

There is nothing in the record before us to show that appellant has made any effort to furnish bail in the reduced amount fixed by the court. While there was testimony at the habeas hearing by the appellant that he could "possibly" make "$5,000.00 per case," there is no showing that he made any effort to make bail in the two cases in the amount fixed by the court.

In Ex parte Swain, 168 Tex.Cr.R. 391, 328 S.W.2d 299, this court said:

"It is a well settled rule in this State that where bail is reduced upon habeas corpus hearing, before complaint can be urged on appeal as to the amount fixed, the accused must show that he has made an effort to furnish bail in that amount. Ex parte Burleson, 133 Tex.Cr.R. 75, 109 S.W.2d 200; Ex parte Cascio, 140 Tex.Cr.R. 288, 144 S.W.2d 886 and Ex parte Dunlap, 166 Tex.Cr.R. 55, 311 S.W. 2d 413."

See also Ex parte Vernon, Tex.Cr.App., 397 S.W.2d 224; Ex parte Rae, 403 S.W.2d 416; Ex parte Toppings, Tex.Cr.App., 422 S.W.2d 459; Ex parte Gillmore, Tex.Cr. App., 369 S.W.2d 356; 8 Tex.Jur.2d, Bail and Recognizance, Sec. 33, p. 155.

From the record before us, we cannot say that the trial court abused its discretion in fixing bail in such cases and that the same is excessive.

The judgment is affirmed.