### Ex parte Bobby Lee WILLIAMS.

### No. 44713.

Court of Criminal Appeals of Texas.

Oct. 26, 1971.

Lawrence R. Green, Dallas (By Appointment), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order of the Criminal District Court, of Dallas County, denying a reduction of bail pending an appeal to this court.

The record reflects that appellant was convicted of burglary and assessed the maximum punishment of twelve years in the Department of Corrections. The trial court set the amount of his bail pending appeal at $50,000.

At the habeas corpus hearing in which a reduction in the amount of bail was sought, it was shown that appellant had been previously convicted in seventeen felony cases involving worthless checks, forgery, and passing forged instruments. Appellant further testified to two prior burglary convictions and one prior conviction for robbery.

Proof was offered in support of the further allegations of the petition that appellant was presently indigent and no relatives, friends or associates could either furnish security for or pay the amount of his bond. Appellant also testified that the maximum amount of bond that he could obtain on credit was $3,500.

The ability to make bail is to be regarded and proof may be taken upon this point. Art. 17.15 Vernon's Ann.C.C.P. However, the defendant's ability to make bond is not the sole criteria in setting bond. Ex parte Jester, Tex.Cr.App., 403 S.W.2d 133. The nature of the offense and the circumstances under which it was committed are to be considered. Art. 17.-15, supra. Ex parte Nectoux, Tex.Cr.App., 455 S.W.2d 249, and cases cited.

In Ex parte Mendoza, 414 S.W.2d 666, this court held bail in the amount of $50,-000 pending appeal from conviction of unlawful possession of narcotic drug (15 year penalty) by defendant who had been twice before convicted of felony offenses and had served terms in penitentiary was not excessive and the trial judge did not abuse his discretion in fixing bail in that amount.

"This court judicially knows that defendants have forfeited bonds on appeal by failing to appear when the judgments of conviction became final. This should be considered in determining whether bail pending on appeal is excessive." Mendoza, supra.

Circumstances the trial court could properly consider in the instant case in fixing bail are: (1) This is an appeal from a burglary conviction where the maximum penalty for the offense was assessed; (2) Appellant's admission of twenty prior felony convictions; (3) The knowledge that defendants have forfeited bonds on appeal by failing to appear when the judgment of conviction became final.

Under this record, we are unable to agree that, as a matter of law, a $50,000 appeal bond was unreasonable and excessive.

The judgment is affirmed.

Opinion approved by the Court.