**Ex parte Jimmy Wayne VonBIERBER-STEIN.**

**No. 46274.**

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

No attorney on appeal.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from an order entered after a hearing in a habeas corpus proceeding seeking reduction of bail.

Four indictments against appellant, returned by the grand jury in Travis County, on August 15, 1972, were introduced into evidence.

Two of the indictments alleged the sale of heroin, the indictments reciting that the offenses occurred on May 29, 1972 and May 31, 1972.

The other two indictments allege the possession of heroin on the dates of May 29, 1972 and May 31, 1972. Both possession indictments allege a prior conviction for possession of narcotics on January 8, 1965.

Bail was set at $50,000 on each of the four indictments.

After the hearing in the habeas corpus proceeding from which this appeal is taken, bond was reduced to $25,000 in each case.

Curt VonBierberstein, father of appellant, testified at the hearing that he would help appellant make a bond if it were lowered and would allow appellant to live in his home.

Burlie Bradford testified that he had been appellant's parole officer since November 4, 1970; that appellant was on parole from a narcotic related offense; that appellant had not given him any trouble, and he felt appellant would remain in Austin if he made bond.

Appellant testified that he could make bond in the amount of $5,000.

Article 17.15, Vernon's Ann.C.C.P., provides:

"Rules for fixing amount of bail

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

'1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

'2. The power to require bail is not to be so used as to make it an instrument of oppression.

'3. The nature of the offense and the circumstances under which it was committed are to be considered.

'4. The ability to make bail is to be regarded, and proof may be taken upon this point.' "

■ The ability or inability of the accused to make bail does not, alone, control the amount. See Ex parte Roberts, Tex.Cr. App., 468 S.W.2d 410; Ex parte Nectoux, Tex.Cr.App., 455 S.W.2d 249.

In Ex parte Cascio, 140 Tex.Cr.R. 288, 144 S.W.2d 886, the Court, discussing the rules of fixing bail, stated: "Taking into consideration the 'nature of the offense' necessarily involves the punishment permitted under the law."

■ In all of the four cases, the possible punishment is life. The court in his discretion could properly take the possible penalty into consideration, along with the fact that appellant is on parole, in fixing bail at an amount sufficiently high to give reasonable assurance that appellant would be present in court to answer the charges in the indictments. See Ex parte Roberts, supra.

There is no showing that appellant has made an effort to make the lower bonds. Ex parte Stembridge, Tex.Cr.App., 472 S.W.2d 155; Ex parte Morgan, Tex.Cr. App., 461 S.W.2d 406; Ex parte Jones, Tex. Cr.App., 449 S.W.2d 59; Ex parte Toppings, Tex.Cr.App., 422 S.W.2d 459; Ex parte Rae, Tex.Cr.App., 403 S.W.2d 416; Ex parte Vernon, Tex.Cr.App., 397 S.W.2d 224; Ex parte Gillmore, Tex.Cr.App., 369 S.W.2d 356.

■ We do not find that the trial court abused its discretion in setting bond at $25,000 in each case.

The judgment is affirmed.

Opinion approved by the Court.