**Ex parte James W. POINDEXTER.**

**Nos. 48853 to 48864.**

Court of Criminal Appeals of Texas.

July 17, 1974.

Clarke·Gable Ward, Jesse R. Funchess, Houston, for appellant.

Jim Vollers, State's Atty. and Larry Gist, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from orders in a habeas corpus proceeding seeking reduction of bail after indictment but before trial in eleven cases, and in one case, after judgment and sentence and notice of appeal.

Appellant had been found guilty for the sale of narcotics and prior to the punishment stage of the trial he "jumped bond" and went to Mexico. Punishment was assessed in that case at ten years.

The record reflects that appellant was indicted in twelve cases involving mainly the unlawful sale of narcotics and in each case he made a $3,000 appearance bond with his brother as one of the sureties. After skipping bail, all bonds were forfeited. He was arrested in Mexico. The record indicates that extradition proceedings were considered. There is some hearsay testimony that the brother had a deputy sheriff go to Mexico to return appellant. Appellant testified that it was of his own free will that he returned. The assistant district attorney indicated through his questioning that the appellant was planning to leave Mexico for Nigeria. The appellant denied this.

After the appellant left during the trial and after he had returned, the trial court set bail in the amount of $50,000 in each case except the one where the appeal bond had been made. The appellant does not attack this appeal bond as being excessive. After the hearing, the trial court reduced bail in the eleven cases from $50,000 to $25,000. Appellant's counsel requested that bond be set in an amount not more than $10,000 in each case. There is no showing how much bail appellant could make.

Ex parte Roberts, Tex.Cr.App., 468 S.W.2d 410, cited Article 17.15, Vernon's Ann.C.C.P., and quoted the applicable rules contained therein for fixing the amount of bail. Among those rules it is stated that "the bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with," and "the nature of the offense [as well as] the circumstances under which it was committed are to be considered." The ability or inability of the accused to make bail does not alone control the amount.

The record reflects that appellant operated several pharmacies in Houston and one of the indictments alleged that he sold a narcotic drug without affixing to the container in which the drug was sold a label showing the name and address and registry number and the name of the person to whom the drug was sold. Another indictment alleged that the appellant conspired and entered into a positive agreement with Samuel Ecker George, M.D., to unlawfully sell amidone and barbiturates.

The trial court could properly consider that he had skipped bail once before

in setting the amount of bail. The court is also authorized to look at the nature of the offenses and their circumstances in setting bail. See Ex parte Tanner, Tex.Cr.App., 458 S.W.2d 815; Ex parte Cascio, 140 Tex.Cr.R. 288, 144 S.W.2d 886, and Ex parte Psaroudis, Tex.Cr.App., 508 S.W.2d 390.

Appellant testified that he did not own any property.

We hold that the bail is not excessive.

The judgments are affirmed.