Bernice ARBUTHNOT, Plaintiff-Appellant,

v.

John W. CHARLTON, Defendant-Respondent.

No. 35321.

Missouri Court of Appeals,
St. Louis District,
Division 1.

July 30, 1974.

Lawrence Willbrand, St. Louis, for plaintiff-appellant.

Heege & Heege, Clayton, for defendant-respondent.

DOWD, Chief Judge.

Plaintiff Bernice Arbuthnot sought damages for personal injuries in the Circuit Court of the City of St. Louis, naming as defendants John W. Charlton Anderson Motor Service, Inc., and Kenneth Schneider. A jury verdict was returned in favor of all three defendants. From the judgment in favor of John Charlton, plaintiff appeals.

The action arose from a collision involving an automobile in which plaintiff was a passenger, and an automobile driven by defendant Charlton.

At trial plaintiff did not move for a directed verdict, and the issue of Charlton's liability was submitted to the jury on plaintiff's verdict-directing Instruction No. 2:

Your verdict must be for plaintiff against defendant John Charlton if you believe:

FIRST, defendant John Charlton failed to yield the right of way, and

SECOND, defendant John Charlton was thereby negligent, and

THIRD, such negligence directly caused or directly contributed to cause damage to plaintiff.

The term 'negligence' as used in this instruction means the failure to use the highest degree of care which means that degree of care that a very careful and prudent person would use under the same or similar circumstances.

Defendant's converse, Instruction No. 4, was also given:

Your verdict must be for defendant, John W. Charlton, if you do not believe said defendant was negligent as submitted in Instruction No. 2, and that plaintiff sustained damage as a direct result thereof.

The sole issue raised on appeal is whether or not defendant Charlton was entitled to Instruction No. 4.

A defendant is entitled to submit the converse of plaintiff's verdict-directing instruction. Rule 70.01(f), V.A.M.R.; Moore v. Parks, 458 S.W.2d 344, 349 (Mo. 1970). Submission of the exact converse of plaintiff's submission, or of any one of the elements essential to plaintiff's recovery requires no supporting testimony. Morris v. Klein, 400 S.W.2d 461[10] (Mo. App.1966); see MAI 33.01, Converse Instructions—General Comment.

Defendant's Instruction No. 4, MAI 33.-02(5) was the exact converse of plaintiff's verdict-directing Instruction No. 2, which submitted a single act of negligence.

Plaintiff argues that in failing to yield the right of way defendant was negligent as a matter of law. On this basis plaintiff argues that the finding of negligence by the jury required by instruction No. 2 was not "a required finding" essential to plaintiff's recovery and that it was thus error to allow a converse instruction. Nonetheless, plaintiff did submit that issue in her verdict director. The alleged error in conversing that element, even if error, was invited error. A party may not claim

error on a theory of law she had adopted herself, Morris v. Klein, supra, [4].

Accordingly, under plaintiff's verdict-directing instruction a finding of negligence was essential to plaintiff's recovery and defendant's converse instruction was not erroneously given.

Judgment affirmed.

SIMEONE, and WEIER, JJ., concur.