**Ex parte Gary Addison TAYLOR.**

**No. 51128.**

Court of Criminal Appeals of Texas.

Jan. 7, 1976.

Terrence A. Gaiser and Stuart Kinard, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, and Don Lambright, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order entered after a hearing in a habeas corpus proceeding seeking reduction of bail.

Appellant's application for writ of habeas corpus alleged that appellant was held in confinement by reason of indictments in the following:

No. 228,405, aggravated rape, bail: $100,000

No. 228,406, aggravated sexual abuse, bail: $20,000

No. 228,407, attempted aggravated rape, bail: $20,000

No. 228,408, aggravated sexual abuse, bail: $100,000

No. 228,409, aggravated sexual abuse, bail: $100,000.

In addition, the application alleged that appellant was being "illegally restrained of his liberty in jail at Houston, Harris County, Texas, by the Kings County Police Department and their agents and employees, State of Washington."

The five indictments mentioned above were introduced into evidence by the State.

Appellant offered a stipulation entered into between appellant and the State that "the outside possible amount of cash available for a bond, that Gary Addison Taylor might possibly acquire would be between $3,000 and $5,000, and this is not definite. But it is contingent on the possibility of a loan made to the family."

After the hearing in the habeas corpus proceeding from which this appeal is taken, the court denied the request to lower the bonds in the three aggravated sexual abuse cases and in the two aggravated rape cases. The court set bond at $100,000 in the extradition matter.

The circumstances under which a crime is committed is a proper consideration under Art. 17.15, V.A.C.C.P. in determining the amount of bail to be required. See *Korn v. State*, Tex.Cr.App., 400 S.W.2d 464. No facts accompany this record which show or suggest the manner or circumstances under which the crimes charged were committed. See *Ex parte Davis*, 159 Tex.Cr.R. 49, 261 S.W.2d 323.

Article 17.15, supra, further provides that the "nature of the offense" is to be considered. Taking into consideration the "nature of the offense" necessarily involves the punishment required under the law. *Ex parte Cascio*, 140 Tex.Cr.R. 288, 144 S.W.2d 886. The offenses of aggravated rape (V.T. C.A. Penal Code, Sec. 21.03) and aggravated sexual abuse (V.T.C.A. Penal Code, Sec. 21.05) are first degree felonies and upon conviction carry maximum penalties of confinement for life. V.T.C.A. Penal Code, Sec. 12.32. Attempted aggravated rape is a felony of the second degree and carries a maximum penalty upon conviction of twenty years. V.T.C.A. Penal Code, Sections 15.01 and 12.33.

Still another consideration in fixing the amount of bail under Art. 17.15, supra, is that "The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with." Appellant, in asking the court to fix bond pending appeal in the extradition matter, offered into evidence the Governor's Warrant of this State and supporting papers from

the State of Washington which charge appellant with the crime of murder in the first degree in that state. The fact that appellant is charged with being a fugitive from the State of. Washington [1] was a relevant factor in fixing the amount of bail. See *Ex parte Poindexter*, Tex.Cr.App., 511 S.W.2d 529.

While the ability or inability of the accused to make bail is a factor, it does not control the amount to be fixed. *Ex parte Poindexter*, supra; *Ex parte Von Bierberstein*, Tex.Cr.App., 487 S.W.2d 345; *Ex parte Roberts*, Tex.Cr.App., 468 S.W.2d 410; *Ex parte Nectoux*, Tex.Cr.App., 455 S.W.2d 249.

In the cases pending against appellant in Harris County, the maximum punishment in four cases is life and in one case twenty years. In addition, there was evidence before the court that appellant was a fugitive from justice from the State of Washington, charged with the crime of murder in the first degree.

We conclude that the bail in each of the five cases pending in Harris County is not excessive and that the trial court did not abuse its discretion in denying appellant's request to reduce the amount of bail. The relief sought is denied.[2]

It is so ordered.

Opinion approved by the Court.

1. Appeal was taken from an order remanding appellant to custody to the State of Washington and this Court vacated such order for the reason that appellant was denied a reasonable time to prepare for presentation of an application for writ of habeas corpus. This Court ordered that the trial court give appellant a reasonable time in which to apply for a writ of habeas corpus in the event appellant still desired to contest the legality of the arrest. *Ex parte Taylor*, Tex.Cr.App., 531 S.W.2d 335 (1975). The trial court in setting bond in the extradition matter while such matter was on appeal to this Court noted that the matter of bond was not considered when the extradition was before the trial court. See Art. 44.35, V.A.C.C.P., "Bail pending habeas corpus appeal."

2. We do not pass upon the question of bail pending appeal in the extradition matter. It is noted that appellant in the instant case sought in his application for habeas corpus to have bail set pending appeal in such matter, rather than reduction of bail, and that he was granted the relief he sought from the trial court.