**Ex parte Allen Edward RUNO.**

**No. 52028.**

Court of Criminal Appeals of Texas.

April 7, 1976.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order entered after a hearing in a habeas corpus proceeding seeking reduction of bail.

Appellant's application for writ of habeas corpus alleged that appellant was held in confinement by reason of an indictment:

Cause No. 11,793, exercise of control of property, other than real property of the value of more than $200.00 and less than $10,000 without the consent of the owner and with intent to deprive the owner of the property. See V.T.C.A. Penal Code, Sec. 31.03(a)(2). In addition said indictment contains additional paragraphs alleging that appellant has previously been convicted of two felony offenses. Bail $125,000.00.

At the hearing, appellant was allowed to amend his application for writ of habeas corpus to allege that he was further confined and restrained by virtue of an order entered by the Justice of the Peace of Precinct No. 1 of Walker County following an examining trial on February 18, 1976 in Cause No. 133, such order binding appellant over to the grand jury on a charge of possession of a firearm by an ex-felon and setting bond at seventy-five thousand dollars. The amendment alleged that said bail is excessive in amount.

The record reflects that a stipulation was offered in evidence reciting that appellant had been previously convicted in the 54th Judicial District Court of McLennan County, Texas in Cause No. 14,160 on March 11, 1958, for the offense of murder, and that prior to that offense appellant was convicted in Criminal District Court Number Three of Harris County, Texas in Cause No. 68,-758, on April 16, 1953, under the name of Allen Edward Runo for the offense of robbery by assault. The record contains the further stipulation that appellant received a full and unconditional pardon in 1973 for all prior felony convictions.

The record reflects the introduction of the indictment in Cause No. 11,793 and the transcription of the court reporter's notes at the examining trial hearing in Cause No. 133 in Justice Court, Precinct No. 1 of Walker County.

After the hearing in the habeas corpus proceeding, the court denied the request to lower the bonds.

Kathy Runo, wife of appellant, testified that bail could possibly be made in the amount of twenty thousand dollars.

■ The ability or inability of the accused to make bail does not, alone, control the amount. *Ex parte Poindexter,* 511 S.W.2d 529 (Tex.Cr.App.); *Ex parte Von Bierberstein,* 487 S.W.2d 345 (Tex.Cr.App.); *Ex parte Roberts,* 468 S.W.2d 410 (Tex.Cr.App.); *Ex parte Nectoux,* 455 S.W.2d 249 (Tex.Cr.App.).

*Ex parte Roberts,* supra, cited Article 17.-15, V.A.C.C.P. and quoted the applicable rules contained therein for fixing the amount of bail. Among those rules it is stated that "the bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with," and "the nature of the offense [as well as] the circumstances under which it was committed are to be considered."

■ Taking into consideration the "nature of the offense" necessarily involves the punishment permitted under the law. *Ex parte Taylor,* 531 S.W.2d 335 (Tex.Cr.App.); *Ex parte Cascio,* 140 Tex.Cr.R. 288, 144 S.W.2d 886.

Under V.T.C.A. Penal Code, Sec. 12.42, upon conviction in Cause No. 11,793 and a finding that appellant has been previously convicted of two felony offenses, the punishment is for life.

V.T.C.A. Penal Code, Sec. 46.05, provides that, "A person who has been convicted of a felony involving an act of violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives." This offense is classified as a felony of the third degree and upon conviction carries punishment of not more than ten nor less than two years. See V.T.C.A. Penal Code, Sec. 12.34. (Subdivision (b) of Section 12.34, supra, provides that in addition to imprisonment a fine not to exceed $5,000 may be assessed.)

The testimony adduced at the examining trial, introduced into evidence at the habeas corpus hearing, reflects that when appellant was arrested pursuant to a capias issuing after return of indictment in Cause No. 11,793 appellant was alone in an automobile in which one Colt .38 super caliber automatic pistol, one "Colt 357 Python—357 Magnum caliber pistol," and one box of .357 Magnum shells were found.

■ The court is authorized to consider the nature of the offense and fix bail sufficiently high to give reasonable assurance that the undertaking will be complied with.

■ We find that bail of one hundred twenty-five thousand dollars in Cause No. 11,793 is not excessive. On the other hand, considering the nature and circumstances of the offense in Cause No. 133, we conclude that seventy-five thousand dollars is excessive bail, and order reduction of bail in that cause to five thousand dollars.

No abuse of discretion is shown in denying reduction of amount of bail in Cause No. 11,793 and bail in Cause No. 133 is set at five thousand dollars.

It is so ordered.

Opinion approved by the Court.