**Ex parte Billy Lloyd TANNER.**

**No. 43502.**

Court of Criminal Appeals of Texas.

Oct. 28, 1970.

Dunnam, Dunnam & Dunnam, by W. V. Dunnam, Jr., Waco, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is an appeal from an order entered after hearing in a habeas corpus proceeding seeking reduction of bail on appeal.

Upon motion of sureties they were released from bail bond in the sum of $10,-000 for petitioner's appearance to answer the indictment charging him with the offense of burglary, and capias issued.

Trial which began June 1, 1970, resulted in a conviction with punishment assessed by the jury at 12 years.

Upon return of the jury's verdict and again when notice of appeal was given, the court set bond on appeal at $25,000. The application for writ of habeas corpus, denied by the trial judge after hearing, alleges that said bail in the sum of $25,000 was excessive and in violation of appellant's right to reasonable bail under the 8th and 10th Amendments to the Constitution of the United States and Section 13 of Art. I of the Constitution of the State of Texas.

Proof was offered in support of the further allegations of the petition that appellant herein was presently indigent and no relatives, friends or associates or acquaintances were financially able to sign as sureties on a bond in excess of $10,000. The further allegation of the petition that appellant was enlarged on bond for said offense pending trial "and at all times made every appearance in due and proper time as requested or ordered by this court," appears to be contrary to the entries on the court's docket.

In announcing his decision denying the application and refusing to reduce bail the court stated his reasons, saying:

"I would like the record to reflect that it was denied because of the nature of the offense, and the circumstances under which it was committed,[1] and also due to the fact that this Court has been approached by three different individuals pursuant to making this bond and were agreeable to make the bond that is now set and for those reasons I am going to deny it."

The ability to make bail is to be regarded and proof may be taken upon this point. Art. 17.15 Vernon's Ann.C.C.P. However, ability or inability of the accused to make bond does not alone control in fixing bail. The nature of the offense and the circumstances under which it was committed are to be considered. Art. 17.15, supra. Ex parte Nectoux, Tex.Cr.App., 455 S.W.2d 249, and cases cited.

Under this record we are unable to agree that as a matter of law a $25,000

---

1. Appellant testified at the hearing that he did not have a 12 gauge sawed off shotgun in his possession on the night of his arrest. In rebuttal the state offered the testimony given by the arresting officer who saw him running from the burglarized premises into a cane patch where he discovered appellant with a sawed off shotgun in his hand and arrested him, and that he found at the place of the arrest a sawed off double barrel fully loaded shotgun.

appeal bond in a burglary case where the maximum punishment was assessed is unreasonable and excessive.

The judgment is affirmed.