Joe Dale **HOLLIMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46072.

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

---

1. Nothing herein alters the holding in the original opinion.

Bob D. Slough, Amarillo, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 108th District Court denying the reduction of bail.

The appellant is charged by indictment in Cause No. 15,491 with the murder with malice aforethought of one Phyliss Heath. Bail was set at $10,000.

On August 17, 1972, at the habeas corpus hearing in which the appellant sought reduction of bail, he was the only witness to testify and his testimony was very brief.

He related he had been indicted on August 2, 1972, and that since that time he had been unable to raise the money to make the necessary bond; that he and his folks were unable to make a $10,000 bond. On cross-examination, he acknowledged that he was on probation for forgery and that he was aware of the fact that a motion to revoke probation had been filed.[1]

Article 17.15, Vernon's Ann.C.C.P., provides:

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point."

The burden of proof in this habeas corpus hearing was upon the appellant.

In Ex parte Cascio, 140 Tex.Cr.R. 288, 144 S.W.2d 886 (1940), this court said:

". . . We find no evidence as to relator's financial status or worth, or that of any of his sureties or friends who might sign his bond."

---

1. Ex parte Jones, 460 S.W.2d 428, 431 (Tex.Cr.App.1970), held that a probationer is not entitled to bail as a matter of right pending a hearing on the State's motion to revoke probation. In the instant case, the record reflects that a $2,000 bail had been set in connection with the revocation motion. The amount of this bail was not made a part of appellant's petition for habeas corpus.

In the case at bar, there is no evidence as to appellant's financial status or that of any member of his family or possible surety. There is nothing to indicate what amount of bail appellant would be able to make. All we have is the fact that the 19-year old appellant and his folks were unable to make a $10,000 bond though his "grandad and uncle" had tried.

In Ex parte De Leon, 455 S.W.2d 260 (Tex.Cr.App.1970), it was held that a habeas corpus petitioner who failed to show what bond he could have made and alleged only that bond set by the trial court was unreasonable was not entitled to reduction of bail set after the indictment, which was not on its face unreasonable.

Further, it is well established that the ability or inability of an accused to make bail does not, alone, control in determining the amount of bail. Ex parte Davis, 159 Tex.Cr.R. 49, 261 S.W.2d 323 (1953); Ex parte Nectoux, 455 S.W.2d 249 (Tex. Cr.App.1970); Ex parte Roberts, 468 S. W.2d 410 (Tex.Cr.App.1971); Ex parte Williams, 467 S.W.2d 433 (Tex.Cr.App. 1971).

The nature of the offense and the circumstances under which it was committed are to be considered and this necessarily involves the punishment permitted by law. Ex parte Cascio, supra; Ex parte Roberts, supra; Ex parte Tanner, 458 S. W.2d 815 (Tex.Cr.App.1970).

No evidence was offered as to the nature of the offense. Appellant urges that the allegations of the indictment reflect that the State has a weak case. He obviously refers to that portion of the indictment alleging appellant inflicted injuries to the head of the alleged deceased "by means unknown to the Grand Jurors . . . ." We cannot agree that such allegation necessarily weakens the case for the prosecution.

In light of the record before us, we cannot hold that the trial court abused its discretion in refusing to reduce bail.

The judgment is affirmed.