**Ex parte Donald Ray PLUMB.**

**No. 63400.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 19, 1980.

James R. Moriarty and Dean J. Johnson, Houston, for appellant.

James H. Keeshan, Dist. Atty., and William H. Behler, Jr., Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in habeas corpus proceedings in the 221st District Court setting bail on a three-count indictment at $150,000 involving the possession, manufacture and possession with intent to manufacture and deliver a controlled substance, namely: methamphetamine.

It appears after certain searches by virtue of search warrants the appellant was arrested and held without bond, although the record is not developed as well as it might have been. On October 12, 1979, the appellant filed an application for a writ of habeas corpus. On the same date, he was indicted. In said application he alleged he was being held without bail by a non-judicial assessment of probable cause.

On October 16, 1979, the court conducted a hearing on his habeas corpus application at the conclusion of which the court found probable cause and set bail at $150,000. Notice of appeal was given.

On appeal appellant raises several grounds relating to the finding of probable cause that an offense or offenses have been committed. At the habeas corpus hearing the State introduced a three-count indictment against the appellant charging him with (1) possession, (2) possession with intent to manufacture and deliver, and (3) manufacture of a controlled substance, namely, methamphetamine. The return of an indictment establishes probable cause as a matter of law. *Ex parte Preston,* 533 S.W.2d 820 (Tex.Cr.App.1976); *Ex parte Branch,* 553 S.W.2d 380 (Tex.Cr.App.1977). The question of probable cause to hold appellant has been rendered moot. *Ex parte Sellers,* 516 S.W.2d 665 (Tex.Cr.App.1974); *Ex parte White,* 486 S.W.2d 301 (Tex.Cr. App.1972).[1]

With regard to appellant's claim that the bail assessed is excessive, we note that Article 17.15, V.A.C.C.P., provides:

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point."

The burden of proof in the habeas corpus hearing was upon the appellant. *Holliman v. State,* 485 S.W.2d 912 (Tex.Cr. App.1972); *Ex parte Clark,* 537 S.W.2d 40 (Tex.Cr.App.1976).

---

1. Appellant is in error in contending that the State introduced an affidavit made before a Justice of the Peace rather than an indictment.

Appellant, a self-employed jeweler, testified that he could make a $5,000 but not a $20,000 bond. He testified that his 1978 income was about $15,000 and that he owed the government $400 on his income tax. He related he had just purchased some property in the Conroe area and had made a $1,000 down payment. He also related that he had purchased some property near Livingston with only a small amount invested. He stated he owned a 1969 Ford van, 1972 Pontiac and two Harley Davidson motorcycles. He admitted that he had jewelry for which he had paid $40,000 to $50,000 and jewelry equipment for which he paid $10,000. He later testified that the vast majority of jewelry had been turned over to his attorney as collateral for his fee, and that if sold the jewelry would probably only bring $5,000 to $6,000.

It is well established that the ability or inability of an accused to make bail does not, alone, control in determining the amount of bail. *Ex parte Clark*, 537 S.W.2d 40, 41 (Tex.Cr.App.1976), and cases there cited. The nature of the offense or offenses and the circumstances under which it or they were committed are to be considered, and this necessarily involves the punishment permitted by law. *Ex parte Cascio*, 140 Tex.Cr.R. 288, 144 S.W.2d 886 (1940). The evidence reflects that narcotic investigator Kenneth Ariola of the Department of Public Safety, armed with a search warrant, searched appellant's rented house in Conroe and found equipment used in the manufacture of methamphetamine; that a mini warehouse rented to the appellant was searched by virtue of a search warrant by another officer acting under his (Ariola's) direction, and that he later saw five to ten gallons of methamphetamine oil that had been seized at the warehouse.

It was also shown that appellant had been convicted in federal court of conspiracy to manufacture methamphetamine and an appeal was pending on said conviction.[2]

2. Appellant in his brief argues that the court erred in admitting such evidence as the conviction was not a final conviction. We observe that appellant's objection to this evidence was not timely, that it was proper for the court to consider appellant's criminal record, *Ex parte*

While bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with, the power to require bail is not to be so used as to make it an instrument of oppression.

Taking into consideration all of the foregoing, we find the bail set was excessive, and we reduce the bail to $50,000.

It is so ordered.

*Gomez*, 499 S.W.2d 158, 159 (Tex.Cr.App. 1973), and that appellant utilized such evidence by showing that he was on bail pending appeal in federal court and had never failed to appear, etc. We perceive no error.