NUMBER
13-00-633-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS
 CHRISTI

 

 

                                  EX PARTE: WADE
KUBAS                  

 

 

     On appeal from the 347th District
 Court of Nueces County, Texas.

 

 

                                   O P I N I O N

 

                      Before Justices Dorsey,
Yañez, and Castillo

                                   Opinion by
Justice Yañez                                                                                                                                                            

 

This is an appeal from
the trial court=s denial of habeas
corpus relief.  Wade Kubas filed an application
for writ of habeas corpus in the 347th District Court of Nueces County.  Kubas claims the statutory requirement that
he register as a sex offender for a ten-year period after his discharge from
community supervision is an unlawful restraint of his liberty.  Kubas contends that this procedure is in
violation of the Texas Constitution=s prohibition against
retroactive laws.  We affirm.








On May 3, 1993, Kubas pled guilty to attempted sexual assault and
was placed on deferred adjudication community supervision for five years.  Kubas registered with the Sex Crime Unit of
the Corpus Christi Police Department according to the conditions of his
deferred adjudication.  On May 4, 1998, the 214th District Court of Nueces County approved an order
terminating community supervision and releasing Kubas from all penalties and
disabilities including, Kubas believed, registering as a sex offender.  However, amendments to the sex offender
statutes, effective as of September 1, 1997, required appellant=s continued registration
for the ten years following his discharge from community supervision.  Act
of June 1, 1997, 75th Leg., R.S.,
ch.668 ' 1, 1997 Tex. Gen. Laws 2253, 2260-61
(current version at Tex. Code Crim.
Proc. Ann. art. 62.11, 62.12(b)(2) (Vernon Supp. 2002).

Kubas sought relief from
this requirement through a writ of habeas corpus.  The trial court granted the writ based on the
application, and then conducted a hearing on April
 17, 2000.  Kubas was the only witness to
testify at the hearing.  The following is
a summary of his testimony.  Kubas
is:  married with children, employed, and
has no other felony history.  He
registered as a sex offender for the five years during his community
supervision according to the terms of his deferred adjudication.  He continued to register after his discharge
on the advice of a probation officer.  He
must report changes of address, and must verify his address once a year.  He is subject to unannounced address
verification visits by law enforcement agencies.  He has received an address verification
postcard from the Texas Department of Public Safety that identifies him as a
registered sex offender.  On October 2,
2000, the trial court denied relief and Kubas appealed.

Standard of Review








The burden of proof in a
habeas corpus hearing is on the applicant. 
See Ex Parte Zavala, 900 S.W.2d 867, 870 (Tex. AppBCorpus Christi 1995, no
pet.) (citing Ex Parte Plumb, 595 S.W.2d 544, 545 (Tex. Crim. App.
1980)).  In reviewing the decision of the
trial court, we review the facts in the light most favorable to the ruling and
will uphold it absent an abuse of discretion. 
See id. (citing Galvan v. State, 869 S.W.2d 526, 528 (Tex.
App.BCorpus Christi 1993,
pet. ref=d) and Woodson v.
State, 777 S.W.2d 525, 527 (Tex. App.BCorpus Christi 1989,
pet. ref=d)).  That is, we give the trial court almost total
deference with regard to findings of historical fact supported by the record,
but we review the trial court=s determination of the
law as well as its application of the law to the facts de novo.  See Ex Parte Nagle, 48 S.W.3d 213,
215-16 (Tex. App.BSan Antonio 2000, no
pet.) (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997)).

By his single issue,
Kubas contends that the Sex Offender Registration Program and its past
amendments, found in chapter 62 of the Texas Code of Criminal Procedure, are
unconstitutional as applied to him.[1]  Kubas specifically asserts that the
amendments, which became effective against him eight months before his
discharge, operate as retroactive laws under article I, section 16 of the Texas
Constitution.

Retroactive Application
of Statutes








The Texas Constitution
provides: ANo bill of attainder, ex
post facto law, retroactive law, or any law impairing the obligation of
contracts shall be made.@  Tex. Const. art. I, ' 16. However, Athe legislature may make
retroactive laws altering remedies and procedures so long as these changes do
not disturb vested rights.@  Sims v. Adoption Alliance, 922 S.W.2d
213, 216 (Tex. App.BSan Antonio 1996, no
writ).    

It is well settled in
this state that laws may not operate retroactively to deprive or impair vested
substantive rights acquired under existing laws, or create new obligations,
impose new duties, or adopt new disabilities in respect to transactions or
considerations past.  On the other hand,
no litigant has a vested right in a statute or rule which affects a remedy or
is procedural in nature and which affects no vested substantive right.  Changes in such statutes or rules are
considered remedial in nature and have been held not to violate the provisions
of Article 1, sec. 16 of the [Texas] Constitution.

 

Ex Parte Abell, 613 S.W.2d 255, 260 (Tex. 1981) (citations
omitted).

Consequently, remedial
laws that do not disturb vested rights can apply retroactively.  See Rey v. Acosta, 860 S.W.2d 654, 657
(Tex. App.BEl Paso 1993, no
writ).  Furthermore, the retroactive laws
provision has never been made applicable to statutes merely affecting
matters of procedure that do not disturb vested, substantive rights.  See Grimes v. State, 807 S.W.2d 582,
587 (Tex. Crim. App. 1991) (emphasis added). This Court has held that the
registration requirements of the Registration Program are remedial in nature, rather
than punitive.  See Saldana v. State
of Texas, 33 S.W.3d 70, 71 (Tex. AppBCorpus Christi 2000, no
pet.).  Now, we must determine whether
Kubas=s vested rights are
disturbed by the amendments to the Registration Program.








Analysis of retroactivity
and its effect on vested rights is difficult because Athe term >vested rights= is amorphous.@  Sims, 922 S.W.2d at 216.  AThe Texas Constitution,
unlike the Federal Constitution, has a specific prohibition against retroactive
laws.  The provision in the State
Constitution broadly protects rights, although they may not be rights in
property.@  Id. (quoting Texas Water
Rights Comm. v. Wright, 464 S.W.2d 642, 648 (Tex. 1971)).  AA right has been defined
to be >a well-founded claim,
and a well-founded claim means nothing more nor less than a claim recognized or
secured by law.= @  Wright, 464 S.W.2d at 648 (quoting Mellinger
v. City of Houston, 68 Tex. 37, 45, 3 S.W. 249, 253
(1887)).  The Texas Supreme Court has
also found this further explanation useful:

[A] right, in a legal
sense, exists, when, in consequence of the existence of given facts, the law
declares that one person is entitled to enforce against another a given claim,
or to resist the enforcement of a claim urged by another.  Facts may exist out of which, in the course
of time or under given circumstances, a right would become fixed or vested by
operation of existing law, but until the state of facts which the law declares
shall give a right comes into existence there cannot be in law a right; and for
this reason it has been constantly held that, until the right becomes fixed or
vested, it is lawful for the lawmaking power to declare that the given state of
facts shall not fix it, and such laws have been constantly held not to be
retroactive in the sense in which that term is used.

 

Ex Parte Abell, 613 S.W.2d at 261
(quoting Mellinger, 68 Tex. at 45-46, 3 S.W. at 253).

The court in Abell
goes on to paraphrase an early constitutional authority that stated:

A right cannot be
considered a vested right, unless it is something more than such a mere
expectation as may be based upon an anticipated continuance of the present
general laws;  it must have become a
title, legal or equitable, to the present or future enjoyment of exemption of a
demand made by another.

 

Id. (citing DuPre v.
DuPre, 271 S.W.2d 829, 832 (Tex. Civ. App.BDallas 1954, no writ) (quoting McCutcheon &
Church v. Smith, 194 S.W. 831, 834 (Tex. Civ. App.BDallas 1917, no
writ))).  The Abell court then
points to an earlier case where it held that there is Ano vested right to that
which constitutes a mere expectancy based upon anticipated continuance of
existing law.@  Id. (citing City of Dallas v.
Trammell, 101 S.W.2d 1009, 1014 (Tex. 1937))    








Based on this discussion
of vested rights, it appears that Kubas had only an expectation that the
Registration Program would continue on without bringing him within its class of
offenders. This expectation does not amount to a vested right.  A similar rationale can be found in a recent
Court of Criminal Appeals case in which the court held, A[t]he resolution of
criminal charges will always carry the possibility of collateral consequences,
and as long as those consequences are not statutorily restricted, disabilities
and disqualifications which the defendant might not have anticipated may
proceed from the prior cause.@  Scott v. State, 55 S.W.3d 593, 597 (Tex. Crim. App. 2001). 

Here, the challenged
amendments expand the class of offenders required to register but does not
alter statutorily restricted collateral consequences, such as the duration of
registration.  Keep in mind that before
these amendments Kubas was registered as a condition of his deferred
adjudication, and not under the statutory Registration Program.  So, while the extent of his registration was
affected by the amendments, they simply initiated his registration requirement
under the statutory scheme.  The
amendments could not change his statutory registration period from one particular
duration to a longer duration, because before the amendments Kubas had no
statutory registration requirement. 
Thus, statutorily restricted collateral consequences, like the duration
of registration, are not altered as the Court of Criminal Appeals feared in Scott.








To conclude, the
challenged amendments are remedial in that they operate to place pre-1993
deferred-adjudication offenders who were still under court supervision, like
Kubas, within the bounds of the Registration Program.  Before these amendments, this class of offender
had escaped the requirements of the Registration Program and were registered,
if at all, only as a condition of their deferred adjudication.  This change in the Registration Program does
not disturb Kubas=s vested rights.  Hence, the Registration Program and its past
amendments do not violate the retroactive laws provision of the Texas
Constitution.

Our review of the record
establishes that the trial court did not err in denying Kubas habeas
relief.  In sum, Kubas was placed on
deferred adjudication community supervision in 1993.  In 1997, the challenged amendments expanded
the class of offenders required to register to include those currently
incarcerated or under court supervision for sex offenses dating back to 1970.  These amendments became effective eight
months before Kubas was discharged from court supervision.  Because these amendments are essentially
remedial statutes operating to include a previously omitted group of offenders,
we hold that the challenged statutes do not disturb Kubas=s vested rights.  Accordingly, we hold that the constitutional
prohibition against retroactive legislation is not violated by the application
of the Sex Offender Registration Program and its past amendments to Kubas.

The judgment of the
trial court is affirmed.

 

                                                               
                                                      

LINDA REYNA YAÑEZ

Justice

 

 

 

Publish.  Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

1st day of August, 2002.











[1]
On September 1, 1997, the challenged amendments expanded the class of offenders
required to register to include sex offenders from 1970 to the present, who
were currently incarcerated or under court supervision. Act of June 1, 1997,
75th Leg., R.S., ch.668 ' 1, 1997 Tex. Sess. Law Serv. 2253,
2260-61.  Before these statutory changes,
Kubas had escaped the Registration Program because it only required
registration by court supervised offenders dating back to September 1, 1993.