Opinion filed February 12, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed February 12,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00298-CR 

                                                     __________

 

                                     PHILLIP
JACKSON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 

 



 

                                          On
Appeal from the 30th District Court

 

                                                         Wichita
County, Texas

 

                                                 Trial
Court Cause No. 41,530-A

 



 

                                             M E M O R A
N D U M   O P I N I O N

 








This
appeal arises from the trial court=s
judgment adjudicating guilt for the offense of aggravated assault.  The trial
court had previously placed appellant on deferred adjudication on June 11,
2004, for a term of five years.  The State subsequently filed a motion to
adjudicate guilt.  The trial court considered the motion at a hearing conducted
on August 31, 2007.  At the conclusion of the hearing, the trial court
announced that it found several of the State=s
allegations to be Atrue.@  The trial court
adjudicated appellant guilty of the original offense of aggravated assault and
sentenced him to a term of twelve years in the Institutional Division of the
Texas Department of Criminal Justice.[1]  The trial
court additionally made an affirmative deadly weapon finding.  In a single
issue, appellant contends that the trial court made an erroneous evidentiary
ruling that affected the sentence that it imposed.  We affirm.

                                                               Background
Facts

Appellant
called his mother, Marie Jackson, to testify as a character witness on his
behalf.  On direct examination, appellant=s
mother testified that she did not know appellant to be a violent person.  On
cross-examination, the following exchange between the prosecutor and appellant=s mother occurred:

Q. 
      And you testified that you=ve
never known your son to be violent; is that correct?

 

A.
       That=s correct.

 

Q.
       Did you know that he=s
currently under indictment for aggravated robbery for putting a knife to a
female=s face and
taking her money?

 

[DEFENSE
COUNSEL]: Judge, I=m
going to object to that.

 

[PROSECUTOR]:
Your Honor, he opened the door.

 

THE COURT: I think
you can ask Ado you
know@ type questions
here, so I=ll overrule
the objection.

 

[DEFENSE
COUNSEL]: Thank you, Your Honor.

 

Appellant
alleges in his sole issue that the trial court erred in allowing the State to
ask a Adid you know@ question without laying
the necessary factual predicate.

                                                              Standard
of Review








When
reviewing the trial court=s
decision on the admission of evidence, appellate courts use the abuse of
discretion standard. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim.
App. 2002); Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). 
The trial court=s
ruling will not be reversed unless that ruling falls outside the zone of
reasonable disagreement.  Torres, 71 S.W.3d at 760; Burden, 55
S.W.3d at 615.

                                                                        Analysis

A
witness who testifies to a defendant=s
good character may be cross‑examined to test the witness=s awareness of relevant specific
instances of conduct.  Tex. R. Evid.
405(a); Wilson v. State, 71 S.W.3d 346, 350-51 (Tex. Crim. App. 2002). 
The right of a party to cross‑examine a character witness on specific
instances of conduct is subject to certain limitations.  Wilson, 71 S.W.3d
at 350-51.  First, the incidents inquired about must be relevant to the
character traits at issue.  Id.  Second, the alleged bad act must have a
basis in fact.  Id.  The basis-in-fact element tests whether the
prosecutor had a good faith belief that the act actually occurred.  Starvaggi
v. State, 593 S.W.2d 323, 328 (Tex. Crim. App. 1979); Murphy v. State,
4 S.W.3d 926, 931 (Tex. App.CWaco
1999, pet. ref=d).  In
the context of a jury trial, the foundation for inquiring into the specific
instances of conduct should be laid outside the jury=s presence so that the trial court will have
an opportunity to rule on the propriety of asking them.  Wilson, 71
S.W.3d at 351.

Appellant
argues that the State failed to offer the necessary factual predicate in order
to question appellant=s
mother about the other incident.  The State argues that appellant failed to
preserve error on this issue by failing to apprise the trial court of this
alleged deficiency at trial.  Appellant and the State agree that appellant=s trial counsel lodged a
general objection to the prosecutor=s
question at trial.  Ordinarily, the complaining party must make a specific
objection to preserve error for appellate review.  Wilson, 71 S.W.3d at
350; Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). 
Appellant contends that the lack of a specific objection is no consequence
under Tex. R. App. P.
33.1(a)(1)(A) because the grounds for appellant=s
objection were apparent from the context.  We disagree. A complaint regarding
the State=s need to
establish the factual predicate for a Adid
you know@ question is
not obvious to the trial court and opposing counsel from an objection that
merely states, AJudge,
I=m going to object to
that.@  Furthermore,
trial counsel could have easily directed the trial court=s attention to the factual predicate
requirement with a follow-up objection.








Moreover,
a good‑faith basis for asking a Adid
you know@ question may
rest on evidence that would not necessarily be admissible at trial such as an
offense report, investigation report, or an arrest record.  Murphy, 4
S.W.3d at 931.  The incident that the prosecutor sought to use in
cross-examining the witness involved an offense for which appellant had been
indicted.  The return of an indictment establishes probable cause as a matter
of law.  Ex parte Plumb, 595 S.W.2d 544, 545 (Tex. Crim. App. [Panel
Op.] 1980).  Accordingly, the prosecutor implicitly had a good-faith basis for
believing that the other incident had occurred.  Appellant=s sole issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

February 12,
2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]At the beginning of the hearing, the parties announced
their agreement for the trial court to consider evidence relevant to sentencing
at the hearing on the State=s motion to
adjudicate guilt.