**Opinion filed February 12, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00298-CR

_____

## PHILLIP JACKSON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 30th District Court**

**Wichita County, Texas**

**Trial Court Cause No. 41,530-A**

## M E M O R A N D U M   O P I N I O N

This appeal arises from the trial court's judgment adjudicating guilt for the offense of aggravated assault. The trial court had previously placed appellant on deferred adjudication on June 11, 2004, for a term of five years. The State subsequently filed a motion to adjudicate guilt. The trial court considered the motion at a hearing conducted on August 31, 2007. At the conclusion of the hearing, the trial court announced that it found several of the State's allegations to be "true." The trial court adjudicated appellant guilty of the original offense of aggravated assault and

sentenced him to a term of twelve years in the Institutional Division of the Texas Department of Criminal Justice.[1] The trial court additionally made an affirmative deadly weapon finding. In a single issue, appellant contends that the trial court made an erroneous evidentiary ruling that affected the sentence that it imposed. We affirm.

*Background Facts*

Appellant called his mother, Marie Jackson, to testify as a character witness on his behalf. On direct examination, appellant's mother testified that she did not know appellant to be a violent person. On cross-examination, the following exchange between the prosecutor and appellant's mother occurred:

> Q.    And you testified that you've never known your son to be violent; is that correct?
>
> A.    That's correct.
>
> Q.    Did you know that he's currently under indictment for aggravated robbery for putting a knife to a female's face and taking her money?
>
>> [DEFENSE COUNSEL]: Judge, I'm going to object to that.
>>
>> [PROSECUTOR]: Your Honor, he opened the door.
>>
>> THE COURT: I think you can ask "do you know" type questions here, so I'll overrule the objection.
>>
>> [DEFENSE COUNSEL]: Thank you, Your Honor.

Appellant alleges in his sole issue that the trial court erred in allowing the State to ask a "did you know" question without laying the necessary factual predicate.

*Standard of Review*

When reviewing the trial court's decision on the admission of evidence, appellate courts use the abuse of discretion standard. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). The trial court's ruling will not be

---

[1] At the beginning of the hearing, the parties announced their agreement for the trial court to consider evidence relevant to sentencing at the hearing on the State's motion to adjudicate guilt.

2

reversed unless that ruling falls outside the zone of reasonable disagreement. *Torres*, 71 S.W.3d at 760; *Burden*, 55 S.W.3d at 615.

*Analysis*

A witness who testifies to a defendant's good character may be cross-examined to test the witness's awareness of relevant specific instances of conduct. TEX. R. EVID. 405(a); *Wilson v. State*, 71 S.W.3d 346, 350-51 (Tex. Crim. App. 2002). The right of a party to cross-examine a character witness on specific instances of conduct is subject to certain limitations. *Wilson*, 71 S.W.3d at 350-51. First, the incidents inquired about must be relevant to the character traits at issue. *Id*. Second, the alleged bad act must have a basis in fact. *Id*. The basis-in-fact element tests whether the prosecutor had a good faith belief that the act actually occurred. *Starvaggi v. State*, 593 S.W.2d 323, 328 (Tex. Crim. App. 1979); *Murphy v. State*, 4 S.W.3d 926, 931 (Tex. App.—Waco 1999, pet. ref'd). In the context of a jury trial, the foundation for inquiring into the specific instances of conduct should be laid outside the jury's presence so that the trial court will have an opportunity to rule on the propriety of asking them. *Wilson*, 71 S.W.3d at 351.

Appellant argues that the State failed to offer the necessary factual predicate in order to question appellant's mother about the other incident. The State argues that appellant failed to preserve error on this issue by failing to apprise the trial court of this alleged deficiency at trial. Appellant and the State agree that appellant's trial counsel lodged a general objection to the prosecutor's question at trial. Ordinarily, the complaining party must make a specific objection to preserve error for appellate review. *Wilson*, 71 S.W.3d at 350; *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). Appellant contends that the lack of a specific objection is no consequence under TEX. R. APP. P. 33.1(a)(1)(A) because the grounds for appellant's objection were apparent from the context. We disagree. A complaint regarding the State's need to establish the factual predicate for a "did you know" question is not obvious to the trial court and opposing counsel from an objection that merely states, "Judge, I'm going to object to that." Furthermore, trial counsel could have easily directed the trial court's attention to the factual predicate requirement with a follow-up objection.

Moreover, a good-faith basis for asking a "did you know" question may rest on evidence that would not necessarily be admissible at trial such as an offense report, investigation report, or an

3

arrest record. *Murphy*, 4 S.W.3d at 931. The incident that the prosecutor sought to use in cross-examining the witness involved an offense for which appellant had been indicted. The return of an indictment establishes probable cause as a matter of law. *Ex parte Plumb*, 595 S.W.2d 544, 545 (Tex. Crim. App. [Panel Op.] 1980). Accordingly, the prosecutor implicitly had a good-faith basis for believing that the other incident had occurred. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


February 12, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.