

# IN THE
# TENTH COURT OF APPEALS

No. 10-09-00344-CR
No. 10-09-00345-CR
No. 10-09-00346-CR
No. 10-09-00347-CR

## EX PARTE CARLTON L. WILLIAMS III

**From the 52nd District Court
Coryell County, Texas
Trial Court Nos. FR-09-19950, FR-09-19951,
FR-09-19952 and FR-09-19953**

## MEMORANDUM OPINION

Carlton L. Williams, III was indicted in separate indictments for four aggravated robberies. TEX. PEN. CODE ANN. §29.03 (Vernon 2003). His bail was originally set at $100,000 per indictment, but was reduced at a pre-trial writ of habeas corpus hearing at which time his bail was set at $ 50,000 per indictment, for a total of $200,000. Williams filed a second application for a pretrial writ of habeas corpus seeking another reduction in his bail, which was denied. Because the trial court did not abuse its discretion, the trial court's order denying Williams's application for writ of habeas corpus is affirmed.

*Applicable Law*

Generally, a writ applicant has the burden of proving the facts which would entitle the applicant to relief. *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993). The same holds true for an applicant in a bail reduction proceeding. *See Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980); *Ex parte Plumb*, 595 S.W.2d 544, 546 (Tex. Crim. App. 1980). We review a trial court's decision in a bail reduction proceeding for an abuse of discretion. *Holliman v. State*, 485 S.W.2d 912, 914 (Tex. Crim. App. 1972).

In determining whether the trial court abused its discretion, we are guided by Article 17.15 as to the rules for fixing bail. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005). *See also Ex parte Pemberton*, 577 S.W.2d 266, 267 (Tex. Crim. App. 1979). The nature of the offense and the circumstances under which it was committed are to be considered and this necessarily involves the punishment permitted by law. *Holliman*, 485 S.W.2d at 914. Also, the applicant's indigency is a circumstance to be considered, but it is neither a controlling circumstance nor the sole criterion in determining the amount of bail. *Ex parte Vasquez*, 558 S.W.2d 477, 480 (Tex. Crim. App. 1977). Other factors to be considered in determining the amount of bail, as interpreted previously by this Court, include family and community ties, work history, length of residence in the county, prior criminal record, conformity with conditions of prior bail, and any aggravating circumstances of the offense. *Ex parte Davis*, 147 S.W.3d 546, 548 (Tex. App.—Waco 2004, no pet.); *see Ex parte Rubac*, 611 S.W.2d 848 (Tex. Crim. App. 1981).

Williams did not testify at the hearing before the trial court. His mother testified that Williams was seventeen years old; that she was willing to loan him $10,000 to post bail; and that Williams would live in her home in Copperas Cove, Coryell County, Texas until the cases were resolved. She would ensure that Williams appeared at any court dates. A bond agent testified that her company was willing to write bonds for $25,000 per indictment for a $10,000 payment to her company and that based on her conversations with the family, she did not feel that Williams posed a flight risk, although she had never met Williams personally. A copy of each of the four indictments with the probable cause affidavits were admitted into evidence which showed that each indictment arose out of one criminal episode, but with four victims.

The trial court took judicial notice of the testimony from the first writ hearing from a detective with the Copperas Cove police department. The officer testified that six or seven males wearing red bandanas approached a front porch of a residence. One of the males hit an individual standing on the porch with a firearm and they then forced their way inside the residence. Another individual in the residence was hit over the head with a firearm as well. The residents of the home were forced to strip, and items were stolen from them and the residence. The individual that witnessed the first assault called 911 and while he was retrieving the license plate number from the getaway vehicle, shots were fired at him from a passenger in the vehicle as it left the scene. The vehicle was driven by Williams and was titled in his mother's name. Later, the victims identified Williams by name as one of the perpetrators. Williams held an aluminum baseball bat, which he abandoned at the residence where the robberies took place.

None of the other males involved in the aggravated robberies had been arrested at the time of the first writ hearing and no firearm had been recovered. Williams refused to tell police the identities of the others who committed the offense with him, although he had told his mother their names. The detective testified that she was concerned for the safety of Williams if released as well as the potential for Williams to commit other violent offenses with the other perpetrators.

Williams had been charged with an aggravated assault with a deadly weapon and other drug offenses as a juvenile. There is no testimony in the record before us of Williams's ties to the community, the length of time he had been in the community, or any work or school history. The trial court entered findings of fact and conclusions of law at Williams's request. The trial court based its decision to deny the second writ on the seriousness of the offense, the use of weapons to commit the offense, and the welfare of the community.

Considering all of the factors, the burden of proof, and the record before us, we cannot say that the trial court abused its discretion by denying Williams's second writ of habeas corpus. Accordingly, Williams's sole issue is overruled.

*Conclusion*

Having concluded that the trial court did not abuse its discretion, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Reyna, and
  Justice Davis
Affirmed
Opinion delivered and filed March 3, 2010
Do not publish
[CV06]