IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00344-CR

No. 10-09-00345-CR

No. 10-09-00346-CR

No. 10-09-00347-CR

 

Ex parte
Carlton L. Williams III

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court Nos. FR-09-19950, FR-09-19951,

FR-09-19952 and FR-09-19953

 



MEMORANDUM  Opinion



 

            Carlton L. Williams, III was indicted
in separate indictments for four aggravated robberies.  Tex. Pen. Code Ann. §29.03 (Vernon 2003).  His bail was
originally set at $100,000 per indictment, but was reduced at a pre-trial writ
of habeas corpus hearing at which time his bail was set at $ 50,000 per
indictment, for a total of $200,000. Williams filed a second application for a
pretrial writ of habeas corpus seeking another reduction in his bail, which was
denied.  Because the trial court did not abuse its discretion, the trial
court's order denying Williams's application for writ of habeas corpus is
affirmed.

 

Applicable Law

            Generally, a writ applicant has the
burden of proving the facts which would entitle the applicant to relief.  Ex
parte Kimes, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993).  The same holds
true for an applicant in a bail reduction proceeding.  See Ex parte
Charlesworth, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980); Ex parte Plumb,
595 S.W.2d 544, 546 (Tex. Crim. App. 1980).  We review a trial court's decision
in a bail reduction proceeding for an abuse of discretion.  Holliman v.
State, 485 S.W.2d 912, 914 (Tex. Crim. App. 1972).

In determining whether the trial court abused its
discretion, we are guided by Article 17.15 as to the rules for fixing bail.  See
Tex. Code Crim. Proc. Ann.
art. 17.15 (Vernon 2005).  See also Ex parte Pemberton, 577
S.W.2d 266, 267 (Tex. Crim. App. 1979).  The nature of the
offense and the circumstances under which it was committed are to be considered
and this necessarily involves the punishment permitted by law.  Holliman,
485 S.W.2d at 914.  Also, the applicant's indigency is a circumstance to be
considered, but it is neither a controlling circumstance nor the sole criterion
in determining the amount of bail.  Ex parte Vasquez, 558 S.W.2d 477,
480 (Tex. Crim. App. 1977).  Other factors to be considered in determining the
amount of bail, as interpreted previously by this Court, include family and
community ties, work history, length of residence in the county, prior criminal
record, conformity with conditions of prior bail, and any aggravating
circumstances of the offense.  Ex parte Davis, 147 S.W.3d 546, 548 (Tex.
App.—Waco 2004, no pet.); see Ex parte Rubac, 611 S.W.2d 848 (Tex. Crim.
App. 1981).

            Williams did not testify at the
hearing before the trial court.  His mother testified that Williams was
seventeen years old; that she was willing to loan him $10,000 to post bail; and
that Williams would live in her home in Copperas Cove, Coryell County, Texas until the cases were resolved.  She would ensure that Williams appeared at any court
dates.  A bond agent testified that her company was willing to write bonds for
$25,000 per indictment for a $10,000 payment to her company and that based on
her conversations with the family, she did not feel that Williams posed a
flight risk, although she had never met Williams personally.  A copy of each of
the four indictments with the probable cause affidavits were admitted into
evidence which showed that each indictment arose out of one criminal episode,
but with four victims.

            The trial court took judicial notice
of the testimony from the first writ hearing from a detective with the Copperas Cove police department.  The officer testified that six or seven males wearing
red bandanas approached a front porch of a residence.  One of the males hit an
individual standing on the porch with a firearm and they then forced their way
inside the residence.  Another individual in the residence was hit over the
head with a firearm as well.  The residents of the home were forced to strip,
and items were stolen from them and the residence.  The individual that
witnessed the first assault called 911 and while he was retrieving the license
plate number from the getaway vehicle, shots were fired at him from a passenger
in the vehicle as it left the scene.  The vehicle was driven by Williams and
was titled in his mother’s name.  Later, the victims identified Williams by
name as one of the perpetrators.  Williams held an aluminum baseball bat, which
he abandoned at the residence where the robberies took place.

            None of the other males involved in
the aggravated robberies had been arrested at the time of the first writ
hearing and no firearm had been recovered.  Williams refused to tell police the
identities of the others who committed the offense with him, although he had
told his mother their names.  The detective testified that she was concerned
for the safety of Williams if released as well as the potential for Williams to
commit other violent offenses with the other perpetrators.

            Williams had been charged with an
aggravated assault with a deadly weapon and other drug offenses as a juvenile. 
There is no testimony in the record before us of Williams’s ties to the community,
the length of time he had been in the community, or any work or school
history.  The trial court entered findings of fact and conclusions of law at
Williams’s request.  The trial court based its decision to deny the second writ
on the seriousness of the offense, the use of weapons to commit the offense,
and the welfare of the community.

            Considering all of the factors, the
burden of proof, and the record before us, we cannot say that the trial court
abused its discretion by denying Williams’s second writ of habeas corpus. 
Accordingly, Williams’s sole issue is overruled.

Conclusion

Having concluded that the trial court did not
abuse its discretion, we affirm the judgment of the trial court.

                                                

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed March 3, 2010

Do
not publish

[CV06]