

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00087-CR

## EX PARTE JOE DEE HALL

**From the 66th District Court
Hill County, Texas
Trial Court No. 36,468**

## MEMORANDUM  OPINION

Joe Dee Hall appeals from an order entered reducing his bail bond for eleven counts of aggravated sexual assault of a child under 14 and one count of indecency of a child from $100,000 per offense for a total of $1.2 million to a total of $600,000.  Hall complains that the trial court abused its discretion by not reducing his bail bond to either a personal recognizance bond or a more reasonable amount.  Because we find no abuse of discretion, we affirm the judgment of the trial court.

*Applicable Law*

Generally, a writ applicant has the burden of proving the facts which would entitle the applicant to relief.  *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993).  The same holds true for an applicant in a bail reduction proceeding.  *See Ex parte*

*Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980); *Ex parte Plumb*, 595 S.W.2d 544, 546 (Tex. Crim. App. 1980). We review a trial court's decision in a bail bond reduction proceeding for an abuse of discretion. *Holliman v. State*, 485 S.W.2d 912, 914 (Tex. Crim. App. 1972). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id*.

### Factors in Determining the Amount of Bail

In determining whether an abuse of discretion has occurred, we are guided by Article 17.15 as to the rules for fixing bail. *Ex parte Pemberton*, 577 S.W.2d 266, 267 (Tex. Crim. App. 1979). Article 17.15 provides:

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005).

The nature of the offense and the circumstances under which it was purportedly committed are to be considered and this necessarily involves the possible punishment permitted by law. *Holliman v. State*, 485 S.W.2d at 914. Also, while Hall's indigency is a circumstance to be considered, it is neither a controlling circumstance nor the sole criterion in determining the amount of bail. *Ex parte Vasquez*, 558 S.W.2d 477, 480 (Tex. Crim. App. 1977). Other factors to be considered in determining the amount of bail, as interpreted previously by this Court, include: family and community ties, work history, length of residence in the county, prior criminal record, conformity with conditions of prior bail, and any aggravating circumstances of the offense. *Ex parte Davis*, 147 S.W.3d 546, 548 (Tex. App.—Waco 2004, no pet.); *see Ex parte Rubac*, 611 S.W.2d 848 (Tex. Crim. App. 1981).

When the nature of the offenses is serious and involves aggravating factors, a lengthy prison sentence following a conviction for those offenses is probable. *Ex parte Scott*, 122 S.W.3d 866, 869 (Tex. App.—Fort Worth 2003, no pet.). Therefore, a pretrial bail bond must be set sufficiently high to secure the presence of the accused at trial because the accused's reaction to the prospect of a lengthy sentence might be to not appear. *Id*.

*The Evidence*

During the hearing, several witnesses testified that Hall was self-employed as a contractor prior to Hall's arrest in the summer of 2010 and would have work available, at least on a part-time basis, immediately upon his release from jail. Housing would be available to Hall with an aunt of his ex-wife's. Hall was shown to have ties to the community through his children who reside in Hubbard and his long-time residency in Hill County. None of his witnesses believed that he would be a flight risk or a danger to the public if released, although one acknowledged that the likelihood of Hall encountering the alleged victim was high since they would reside in the same small community.

Hall has two prior convictions. The first was for burglary in 1997 and the second was for assault in 2007, for which he was still on community supervision when he allegedly committed the offenses at issue herein. A bail bondsman testified that he has posted bail for Hall previously and had no problems regarding Hall keeping in contact or attending court proceedings. The bondsman indicated that there were no family members or other persons who could contribute to the posting of bail, and that his fee would be ten percent of any bail bond amount required.

Hall testified that he had no assets other than a few clothing items because his wife had sold all of his property, taken the money, and filed for divorce. Hall indicated that he would comply with any terms of bail set by the trial court, including wearing an ankle monitor at his expense.

Upon the State's request, the trial court took judicial notice of the testimony from a previous habeas corpus hearing during which there was testimony given from the alleged victim's mother and the victim coordinator; however, no reporter's record was provided of this hearing. Hall did not request that the reporter's record from the previous hearing be included in the record for purposes of this appeal.

The trial court granted Hall's requested reduction in part and included certain terms and conditions of bail for Hall. Neither party requested, nor did the trial court make findings of fact or conclusions of law.

Based on the record before us, we are unable to fully ascertain the facts considered by the trial court in determining the amount of bail. *See Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993) (burden is on the writ applicant to ensure that a sufficient record is presented to show error requiring reversal.). The indictment indicates that there are eleven separate counts of aggravated sexual assault of a child, which are first degree felonies. TEX. PEN. CODE ANN. § 22.021(e) (West Supp. 2010). Aggravated sexual assault of a child under the age of fourteen is a very serious offense, and Hall could be facing a significant sentence if convicted. Hall was on probation for another offense when he allegedly committed the instant offenses. While Hall's ties to the community, employment history, bail history, and employability are factors in favor of a reduced bail, without the record of the prior hearing, we cannot say that the trial

court abused its discretion by reducing his bail only to $50,000 per offense.[1]  We overrule issue one.

*Conclusion*

Having found no abuse of discretion, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed June 15, 2011
Do not publish
[CR25]

---

[1] Hall complains that he is really only charged with four offenses because they allege different manners and means of committing one offense.  However, he did not raise this complaint before the trial court. TEX. R. APP. P. 33.1(a).  Thus, this complaint is waived and we do not reach the issue of the propriety of raising this complaint in a habeas corpus proceeding.